No. 94,429

KEITH E. BARR, *Appellant*, v. STATE OF KANSAS, *Appellee*.
(196 P.3d 357)

Opinion filed November 14, 2008.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause and was on the brief for appellant.

*David Lowden,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, were with him on the brief for appellee.

*Per Curiam:* Keith E. Barr, who pled guilty in 2002 to manufacturing methamphetamine, filed a motion in 2005 pursuant to K.S.A. 60-1507 in which he claimed that his lawyer at the time of sentencing was ineffective for failing to advise him of his appeal rights, and that he should be resentenced in accordance with *State v. McAdam,* 277 Kan. 136, 83 P.3d 161 (2004). In the alternative, he asked for leave to file a direct appeal out of time pursuant to *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982). The district court denied relief following a nonevidentiary hearing on Barr's motion, and the Court of Appeals affirmed. The matter now comes to us as a result of Barr's petition for review.

With that brief overview, a more detailed history is necessary. On May13, 2002, Barr entered into a plea agreement with the State in which he agreed to plead guilty to unlawfully manufacturing methamphetamine. In exchange, the State agreed to dismiss four other counts which involved charges that he possessed methamphetamine and pseudoephedrine. Further, the State agreed to "seek the low end of the appropriate grid box, and ask the Court to follow the presumption." The agreement provided:

"12.   I understand that despite my plea of guilty or *nolo contendere* (no contest), I retain a limited right to appeal the sentence which may be imposed. If the sentence imposed is the presumptive sentence the appellate court will only have jurisdiction to hear appeals based on the accuracy of my criminal history score, the accuracy of the crime severity level determination. If the sentence imposed is not the presumptive sentence, claims of partiality, prejudice, oppression or corrupt motive may be the basis of an appeal. I also understand that if the sentenced imposed is that agreed to in the plea agreement, the appellate court will not review my sentence. I understand that any appeal must be filed within 10 days of the date my sentence is pronounced in court and that if I cannot afford an attorney or the costs of an appeal, the Court will appoint counsel to represent me and will order that a transcript of the necessary portions of the transcript be provided to my counsel."

Both Barr and his attorney signed the plea agreement. The following day Barr entered his guilty plea in accordance with the

agreement. He acknowledged to the court that he had read and signed the agreement and understood its contents.

Before sentencing, Barr moved to classify his crime as a misdemeanor rather than a felony, relying on K.S.A. 65-4127c and *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989) (when two or more penalties are provided for the same crime, the court must impose the lesser penalty). The court denied Barr's motion. However, the court expressed concern due to the fact that Barr and his wife had engaged in the same criminal conduct, yet Barr's plea agreement called for a guilty plea to manufacturing methamphetamine (a severity level 1 felony), while his wife's plea agreement called for a plea to possession of methamphetamine (a severity level 4 felony). Accordingly, the court offered Barr the choice between a durational departure sentence of 60 months' imprisonment or a dispositional departure sentence of probation with an underlying sentence of 142 months. After an overnight continuance to permit Barr to consider these options further, Barr chose, and the court imposed, the dispositional departure sentence of probation. Barr did not appeal his sentence.

Barr tested positive for methamphetamine and amphetamines while on probation, and, in December 2003, the district court revoked his probation and ordered him to serve his underlying 142-month sentence. Barr appealed.

This court announced its decision in *State v. McAdam* in January 2004. Barr argued in his then-pending appeal that his sentence was illegal in view of this court's ruling in *McAdam*. The Court of Appeals dismissed the appeal on the *McAdam* issue for lack of jurisdiction since Barr had not filed a timely direct appeal of his sentence and the ruling in *McAdam*, therefore, was not available to him. *State v. Barr*, Case No. 91,746, unpublished opinion filed August 27, 2004, (*Barr I*).

In January 2005, Barr moved pursuant to K.S.A. 60-1507 for resentencing under *McAdam*. He claimed his counsel at sentencing had been ineffective for failing to fully inform him of his appeal rights. Barr attached to his motion a one-page legal memorandum in which he requested resentencing under *McAdam* or, in the alternative, an *Ortiz* hearing to establish his right to perfect a late

direct appeal of his sentence. Following a nonevidentiary hearing, the court denied relief. Again, Barr appealed.

At a nonevidentiary hearing on Barr's motion, Barr's counsel did not raise the *Ortiz* issue; nor did the court in its ruling. Barr argued to the Court of Appeals that the district court erred in not ordering an *Ortiz* hearing and in denying his ineffective assistance of counsel claim. Though not raised at the hearing before the district court, the Court of Appeals considered Barr's *Ortiz* argument and concluded he was not entitled to a late direct appeal because he was aware of his appeal rights at the time of sentencing and chose not to exercise them.

Barr also argued on appeal that his counsel was ineffective for not filing a direct appeal. This issue was never raised by Barr in his motion or by his counsel before the district court. Nevertheless, the Court of Appeals considered the issue and distinguished Barr's counsel from the attorney found ineffective in *Laymon v. State*, 280 Kan. 430, 444, 122 P.3d 326 (2005). The court noted that the sentencing court had granted Barr probation over the State's objection, and a direct appeal of Barr's sentence could have jeopardized this favorable outcome. *Barr v. State*, Case No. 94,429, unpublished opinion filed October 13, 2006, (*Barr II*).

Now, before us, Barr argues that he is entitled to pursue a direct appeal under *Ortiz*, and that his counsel was ineffective for not perfecting a direct appeal.

### *Late Direct Appeal*

The right to appeal is entirely statutory and is not found in either the United States Constitution or the Kansas Constitution. *Griffin v. Illinois*, 351 U.S. 12, 18, 100 L. Ed. 891, 76 S. Ct. 585 (1955), *reh. denied* 351 U.S. 958 (1956); *State v. Smith*, 223 Kan. 47, 48, 574 P.2d 161 (1977). Accordingly, no appeal may be perfected absent compliance with the statutes conferring jurisdiction on the appellate courts. Since the filing of a timely notice of appeal is jurisdictional, the failure to file a notice of appeal in a criminal case within the 10-day period fixed by statute ordinarily compels dismissal of the appeal. See K.S.A. 22-3608. A limited exception, *Ortiz*, 230 Kan. at 735-36, may allow a late appeal if a criminal de-

fendant (1) has not been informed of his or her right to appeal, (2) has not been furnished an attorney to perfect an appeal, or (3) has been furnished an attorney who failed to perfect an appeal. *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008).

Barr relies on the first ground for granting an *Ortiz* exception: his ignorance of his appeal rights. In *Patton*, filed this day, we hold that the first exception is grounded in the procedural due process aspect of fundamental fairness. When a court is faced with a claim that a late appeal is permitted by the first exception, the first concern is the content of the statements of the sentencing judge. *Patton*, 287 Kan. at 219-22.

"[A] district judge must inform a criminal defendant at sentencing, regardless of whether the defendant has entered a plea or gone to trial, that: (1) a right to appeal the severity level of the sentence exists; (2) any such appeal must be taken within 10 days [citations omitted]; and (3) if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal." *Patton*, 287 Kan. at 220.

"The evidentiary burden of showing that the district judge failed to communicate one or more of these three pieces of information at sentencing is on the defendant, who must demonstrate deficiency from the transcript of the sentencing hearing." *Patton*, 287 Kan. at 220.

If the defendant discharges this burden,

"the State may still prevent a late appeal by proving that the defendant possessed actual knowledge of all of the required information by some means other than the district judge's oral statements at sentencing. The source of such actual knowledge may be . . . the wording of an agreement signed by the defendant . . . ; but the State bears the evidentiary burden on this point.

"If the sentencing transcript demonstrates that the district judge did not adequately inform the defendant orally and the State is unable to demonstrate that the defendant had actual knowledge of the required information from other source, the defendant must then prove that, had he or she been properly informed, a timely appeal would have been sought. This evidentiary burden rests on the defendant." *Patton*, 287 Kan. at 221-22.

In this case, Barr was explicitly informed by his plea agreement that he retained a limited right to appeal his sentence, including "the accuracy of the crime severity level determination." He was informed of the 10-day time limit for filing a notice of appeal. And he was told that, if he could not afford an attorney or the cost of

an appeal, the court would appoint counsel for him and order that all necessary transcripts of the proceedings be provided. At his plea hearing Barr acknowledged to the court that he read the plea agreement and understood his rights described in it. He stated that he understood that the presumptive sentence for his crime, if the court accepted his plea, would be incarceration in the penitentiary.

Barr directs us to the statement in his plea agreement in which he acknowledged: "I also understand that if the sentence imposed is that agreed to in the plea agreement, the appellate court will not review my sentence." While this is a correct paraphrase of K.S.A. 21-4721(c)(2), it is incomplete because it fails to note K.S.A. 21-4721(e)(3), which permits appellate review of, among other things, an error in ranking the severity level of a crime. Its incompleteness renders it inaccurate. It is also irrelevant.

The portion of the plea agreement Barr relies upon warns of the limits on the appeal rights of a defendant who is sentenced in accordance with a plea agreement. Barr's plea agreement called for the State to ask the court to impose the low range presumptive sentence for Barr's crime. The presumptive sentence for Barr's crime was imprisonment. In accordance with the agreement, the State recommended imprisonment for the shortest presumptive duration. However, the sentencing court granted Barr probation, a departure sentence. Thus, this statement in the plea agreement does not apply to Barr's sentence, which was not a sentence agreed to in the plea agreement.

Although appellate cases in which a criminal defendant has invoked the first exception to allow a late appeal may require remand to determine relevant facts needed to decide the issues under our decision in *Patton*, this case is not one of them. The record on appeal contains all any court would need to know to rule on whether the first exception can be applied. Even assuming that Barr's sentencing judge did not inform him of each of the three items of essential information *Patton* requires, Barr already had actual knowledge of each from the unambiguous and explicit language in the plea agreement he admitted that he reviewed, understood, and signed. In other words, the State would have no trouble carrying its evidentiary burden, defeating Barr's effort to

invoke the exception. Barr is not entitled to take a late direct appeal from his sentence on manufacturing methamphetamine.

### K.S.A. 60-1507 Claim: Ineffective Assistance of Counsel

Barr's plea was taken by one judge. A different judge presided over his sentencing and the later probation revocation hearing. Yet a third judge heard legal argument on Barr's K.S.A. 60-1507 motion. We have a transcript of the argument before the court at that hearing. The judge hearing the motion denied relief based upon that argument and a review of the files and records of the case. Because we are in as good a position as the judge hearing the 60-1507 motion to consider its merits, our review is de novo. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007); *Laymon v. State*, 280 Kan. 430, 436-37, 122 P.3d 326 (2005).

To prevail on his ineffective assistance of counsel claim, Barr bore the burden of establishing not only that his counsel's performance was constitutionally deficient, but also that he was prejudiced thereby; *i.e.*, that "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). In the present context, the different outcome of the proceedings would have been a timely direct appeal of Barr's sentence. See *Roe v. Flores-Ortega*, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000).

Barr claims that his counsel should have filed a direct appeal of his sentence since his counsel moved the court at sentencing to have Barr sentenced for a misdemeanor under the identical offense doctrine set forth in *Nunn*, and the motion was denied. This identical offense doctrine was later applied in *McAdam* to the statute under which Barr was convicted. Barr argues that his counsel should have anticipated this court's ruling in *McAdam* and appealed his sentence. In considering this claim we extend a high level of deference to the decisions of Barr's counsel, who enjoys a strong presumption that his conduct was within the wide range of reasonable professional assistance. See *State v. Gleason*, 277 Kan. 624 , 88 P.3d 218 (2004).

Barr seeks to extend to his case the ruling in *Laymon v. State*, 280 Kan. 430. In *Laymon*, the court considered whether the failure of appellate counsel to anticipate the court's ruling in *McAdam* constituted ineffective assistance of counsel. *Laymon* involved counsel who practiced in the Appellate Defender Office. Barr's counsel did not. Laymon's counsel was engaged in appellate practice. Barr's counsel was not. This court found Laymon's appellate counsel's failure to preserve the argument that ultimately prevailed in *McAdam* to be objectively unreasonable, given the involvement of other attorneys in the Appellate Defender Office in the *McAdam* issue. This "inside baseball" analysis does not apply to trial counsel from a local public defender office. We consider Barr's counsel's conduct from counsel's perspective at the time of Barr's sentencing, discounting, as best we can, the benefits of hindsight. See *Graham v. State*, 263 Kan. 742, 754, 952 P.2d 1266 (1998); *Baker v. State*, 20 Kan. App. 2d 807, 894 P.2d 221, *rev. denied* 257 Kan. 1091 (1995).

Here, however, we have the added factor of the motion based on *Nunn* raised by counsel at the sentencing hearing. The Court of Appeals addressed this factor:

"Although Barr's attorney foresaw the argument that would be the basis for *McAdam*, the record does not suggest that Barr's plea counsel had the same level of involvement with the *McAdam* issue as did the ADO attorney in *Laymon*. And unlike *Laymon*, where *McAdam* was pending at the time the defendant's direct appeal was filed, Barr pled guilty and was sentenced approximately 18 months before *McAdam* was even filed in the Kansas Supreme Court. [Citation omitted.]" *Barr II*, slip op. at 9.

We find this distinction drawn by the Court of Appeals to be a sound one. But of equal if not greater weight is the fact that Barr fails to present a colorable claim of prejudice.

One reason for the district court's rejection of Barr's *Nunn/McAdam* argument was the lack of prejudice because Barr was not entitled to retroactive application of *McAdam*. This court has since announced in *Phinney* that *McAdam* applies retroactively to a defendant who perfects a late direct appeal. Thus, this first basis for finding no prejudice is flawed.

The district court's other reason for finding no prejudice is sound. At the time of Barr's original sentencing, the court expressed concern about the disparity between the proposed 142-month prison sentence for Barr and a sentence of 10 to 16 months with presumptive probation for his wife. Accordingly, Barr was given the option of a shorter sentence in prison, or the full 142-month sentence but with the departure of probation. The State opposed a dispositional departure and urged that Barr be sent to prison. Barr received the departure sentence of probation.

After failing probation and being sent to prison to serve his sentence, Barr asserted for the first time in his K.S.A. 60-1507 motion that he did not appeal his sentence because "at the original sentencing hearing the district court did not advise me of my right to appeal or regarding the time restriction on filing such an appeal." As discussed earlier, this assertion is not an adequate basis for a late direct appeal because Barr was otherwise informed of his appeal rights before his sentence was imposed. Once that argument fails, Barr presents no alternative theory for why he did not appeal. He does not claim he asked his attorney to file an appeal but his attorney failed or refused to do so. He does not claim that his attorney advised against an appeal. In fact, his only averment regarding this claim indicates a lack of communication on the issue: "Counsel did not advise defendant of his right to appeal nor did he advise defendant regarding the time restrictions on filing such an appeal." Since, as noted earlier, the issue is the extent of Barr's knowledge, not the source of that knowledge, this claim regarding counsel's conduct also fails. Barr's counsel at the hearing on his 60-1507 motion expressed the obvious:

"Obviously a direct appeal was not had here, and if I remember correctly, Mr. Barr was placed on probation at first. . . . [A]nd then at a later time was revoked from his probation, *so obviously with the placement on probation he did not directly appeal at first.*" (Emphasis added.)

The district court observed:

" 'Moreover, the movant does not even allege that he would have appealed his sentence had he known of the time restriction. Again, the court offered the movant the option [of] serving a prison sentence or being placed on probation; the movant elected to take a chance at probation, and the court granted him that opportunity.

There is no reason to believe the movant would have appealed his sentence.' " *Barr II*, slip op. at 4-5.

## Finally, the Court of Appeals noted:

"Thus, if Barr had appealed, this court may well have had the opportunity to review the departure to determine if the facts justifying the departure were (1) supported by evidence in the record and (2) constituted substantial and compelling reasons for the departure. K.S.A. 21-4721(d). Because an appeal may have jeopardized the defendant's probationary status, Barr cannot suggest that there could be no strategic reason for the failure to file a direct appeal." *Barr II*, slip op. at 9-10.

Barr fails to allege, let alone offer proof of, any prejudice resulting from any ineffective assistance of counsel.

In his motion Barr raised two claims which are now before us: (1) the failure of the district court to advise him of his right to appeal and the time restriction for an appeal; and (2) the failure of his counsel at sentencing to advise him of his right to appeal and the time restrictions for an appeal. As discussed above, neither claim has merit. Barr presents no justifiable basis for a late appeal under the first *Ortiz* exception. He fails to assert a viable claim of deficient lawyering which caused him not to appeal his departure sentence. Accordingly, the district court did not err in refusing to grant relief on Barr's K.S.A. 60-1507 motion, and the Court of Appeals properly affirmed that ruling.

Affirmed.

DAVIS and JOHNSON, JJ., not participating.
MCANANY, J., and BRAZIL, S.J., assigned.