NOT DESIGNATED FOR PUBLICATION

No. 112,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EARNEST TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed November 13, 2015. Affirmed in part, reversed in part, and remanded with directions.

*Michael P. Whalen*, and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*:  Earnest Taylor appeals from two separate orders filed by the district court, both of which denied him the relief he sought under K.S.A. 60-1507. The first order, dated October 29, 2013, denied most of Taylor's requests for relief but granted Taylor's request for an evidentiary hearing on one limited issue. The second order, dated April 14, 2014, was filed after the evidentiary hearing and denied Taylor relief on that one remaining issue. For the reasons stated below, we affirm in part, reverse in part, and remand for the district court to consider the merits of Taylor's claim alleging ineffective

1

assistance of counsel in plea negotiations in order to determine whether (1) the motion, files, and case records conclusively show Taylor is entitled to no relief; (2) the motion, files, and records of the case show that a potentially substantial issue exists, in which case a preliminary hearing may be held; or (3) the motion, files, records, or preliminary hearing show that a substantial issue is presented that requires an evidentiary hearing. See K.S.A. 60-1507(b); Supreme Court Rule 183(f)-(g) (2014 Kan. Ct. R. Annot. 285) (a district court must hold an evidentiary hearing on a K.S.A. 60-1507 motion unless the motion, files, and records of the case conclusively show the movant is not entitled to relief); *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013) (setting forth these three options for consideration by the district court when a K.S.A. 60-1507 motion is filed).

## FACTS

On September 4, 2006, Taylor was arguing with his former girlfriend, Karen Bradley. The two had dated off and on for 13 years. During the argument, Taylor choked Bradley with his hands until she blacked out. She suffered from pain in her neck and throat in the days after the attack.

On the night of September 9, 2006, Bradley and her friend Timothy Smith were at Bradley's house. According to Bradley, around midnight, Bradley and Smith left to pick up Bradley's children from a birthday party. As they walked out the front door of Bradley's house, they heard a noise. Bradley looked back and saw Taylor running toward her. Bradley and Smith ran, but Bradley fell down. Taylor jumped on Bradley and began stabbing her. At some point, Taylor suddenly stopped his attack, said, "[Y]ou're next, Timmy," and then took off running. Bradley sustained seven different stab wounds on her body as a result of Taylor's actions. The wounds were on her right hand, under her arm, on her chest, and on her back.

Taylor ultimately was charged with one count of aggravated battery, one count of attempted first-degree murder, and one count of aggravated assault. Later, the State amended the complaint by replacing the aggravated assault charge with criminal threat. At trial, Kelly Otis, chief of investigations for the district attorney's office, testified that he responded to the scene after hearing a report on the police radio that there had been a stabbing. He arrived to find Bradley sitting on the curb with blood on her clothing and a sharp-force injury to her hand that was bleeding profusely. Bradley told Otis she had been stabbed by Taylor.

Detective Wendy Hummell interviewed Taylor on March 11, 2007. She advised Taylor of his *Miranda* rights. At the beginning of the interview, Taylor told Hummell that he did not stab Bradley. Taylor then changed his story and said that on the night in question, he was outside Bradley's house when she came out and, as soon as Bradley saw him, she started running. Taylor claimed that Bradley had a knife when he caught up to her and, during a subsequent pushing match, Bradley fell on the ground and Taylor was able to grab the knife. Taylor told Hummell that this was when Bradley may have gotten stabbed. When Hummell asked why Bradley sustained multiple stab wounds, Taylor gave yet a different story. He told Hummell that he used to live at Bradley's residence and used knives to work on cars in the back yard. Taylor said he went to Bradley's house to get his knife back. Once there, Taylor then confronted Bradley because he believed she was messing around with Smith. Taylor reported that he intended to use the knife only to scare Bradley, but she may have been stabbed multiple times while they were on the ground fighting. Taylor told Hummell that he stopped fighting with Bradley and ran away when Bradley told him that he had stabbed her.

At trial, the State presented evidence consistent with the facts set forth above. The defense did not put on any evidence at trial. The jury found Taylor guilty on all three counts as charged.

Taylor appealed, but his convictions and sentences were affirmed by this court in *State v. Taylor*, No. 99,426, 2009 WL 929088 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1285 (2010). Before this court issued its opinion in Taylor's direct appeal, however, Taylor filed two motions pursuant to K.S.A. 60-1507. Both motions were dismissed without prejudice because his direct appeal was pending.

On November 2, 2009, Taylor filed a Motion for Transcript and Case Records and Memorandum in Support Thereof. In it, Taylor requested a copy of the entire record from his criminal case free of charge. This motion was denied, and Taylor appealed. On April 28, 2010, while Taylor's appeal of the motion for transcripts was pending, Taylor again filed a K.S.A. 60-1507 motion. Although no journal entry appears in the record, the parties agree that this motion was dismissed without prejudice because there was an appeal pending in the underlying criminal case.

On September 16, 2011, a panel of this court affirmed the district court's decision to deny Taylor's motion for transcripts and case records. *State v. Taylor*, No. 104,773, 2011 WL 4357834 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1113 (2012). On March 8, 2012, the Kansas Supreme Court denied Taylor's petition for review of this court's decision.

On April 10, 2012, Taylor filed a fourth K.S.A. 60-1507 motion. This motion was filed in Taylor's underlying criminal case, so on May 7, 2012, the district court filed an order directing the motion to be filed as a new civil case. In his motion, Taylor asserted several challenges to the sufficiency of the evidence supporting his conviction for attempted murder. He also summarily alleged—without any elaboration at all—that his attorney had not adequately represented him at trial.

On July 6, 2012, Taylor filed a Supplemental Motion for Post Conviction Relief under K.S.A. 60-1507. In this filing, he set forth with specificity his claims alleging

4

ineffective assistance of counsel: (1) trial counsel did not call Taylor's niece as a witness, (2) trial counsel did not put forth any defense at trial, (3) trial counsel did not call a doctor to testify about the victim's wounds, (4) trial counsel did not require the State to test the blood at the crime scene in order to determine whether it was actually Bradley's blood, (5) trial counsel failed to follow through with Taylor's request to seek a plea deal, and (6) trial counsel failed to inform Taylor of three questions that were asked by the jury during deliberations and failed to ensure Taylor was present when those questions were answered.

The State filed a written response. In it, the State argued that Taylor's motion was untimely under K.S.A. 60-1507(f)(1). As noted above, Taylor's motion was actually filed on April 10, 2012, under his criminal case number but the district court ordered it to be filed as a separate civil case on May 7, 2012.

A hearing on the motion to dismiss was held on September 7, 2012, in front of Judge Anthony J. Powell. In opposing the motion to dismiss, Taylor's attorney told Judge Powell that Taylor had attempted several times in the past to file K.S.A. 60-1507 motions, but all of those motions were dismissed because he had a pending criminal appeal. Citing to the fact that Taylor never had an opportunity to have the court consider his K.S.A. 60-1507 claims on the merits, Taylor's attorney argued that summary dismissal of Taylor's motion as untimely would result in a manifest injustice. The State conceded that consideration of Taylor's motion was necessary to prevent manifest injustice and requested leave from the district court to respond to the merits of Taylor's allegations. Judge Powell made the following findings:

> "I'm going to declare that under the unique circumstances of this case there was no way
> the movant could have timely filed his habeas corpus petition without it being out of time
> because of his pending previous case that he had up on appeal. So I find that that's
> manifest injustice and he's entitled to be heard on the merits, and so I will give leave to

the State to file a response with regard to the merits of his claim and we'll set that for hearing later."

On May 2, 2013, the State filed a written response addressing the merits of all but two of the individual claims of ineffective assistance of counsel raised in Taylor's supplemental motion filed on July 6, 2012. The first of the claims that the State declined to address on the merits was the one alleging Taylor's attorney was ineffective for failing to put on a defense at trial. The second claim the State declined to address on the merits was the one alleging Taylor's attorney was ineffective in plea negotiations. Although the State did not address the merits of this claim, the State did argue this particular claim was procedurally barred from being heard on the merits because it was untimely. In support of this argument, the State asserted Judge Powell made his decision regarding manifest injustice only for the specific claims set forth in Taylor's original K.S.A. 60-1507 motion. Because the claim of ineffective assistance in plea negotiations was made in Taylor's supplemental K.S.A. 60-1507 motion, the State argued the claim should be dismissed on procedural grounds because it was untimely and did not relate back to the original motion.

A preliminary, nonevidentiary hearing on Taylor's motion was held on May 2, 2013, in front of Judge James R. Fleetwood. At the hearing, the State conceded that Judge Fleetwood must address the merits of four of Taylor's claims of ineffective assistance of counsel based on the previous manifest injustice finding. The four claims were (1) failing to call Taylor's niece to testify, (2) failing to call a doctor to testify, (3) failure to require the blood at the scene to be tested, and (4) his claim involving his absence during the answering of jury questions. For the reasons stated it in its written response, however, the State argued Judge Fleetwood should find that the claim involving plea negotiations was untimely because it was raised for the first time in the supplemental motion.

6

Judge Fleetwood filed a written order on October 29, 2013. First, Judge Fleetwood considered and then denied on the merits Taylor's request for relief on the following claims of ineffective assistance of counsel: failure to present a defense, failure to call his niece as a witness, failure to call an expert to testify on the severity of the stab wounds, and failure to request DNA testing on the blood found at the scene of the crime. Second, Judge Fleetwood procedurally dismissed as untimely—and thus declined to consider on the merits—Taylor's ineffective assistance of counsel claim with respect to plea negotiations. In support of this decision, Judge Fleetwood found that (1) only those claims that had been set forth in the original K.S.A. 60-1507 motion were subject to Judge Powell's prior finding that failing to permit those particular claims to go forward would result in a manifest injustice and (2) Taylor's claim of ineffective assistance of counsel regarding plea negotiations was not raised as an issue until Taylor's supplemental motion was filed. Based on these findings, Judge Fleetwood held the ineffective assistance in plea negotiations claim was excluded from Judge Powell's prior finding of manifest injustice and, as a result, the claim was untimely and did not relate back to the original motion. Third, Judge Fleetwood held Taylor was entitled to an evidentiary hearing limited to his claim that counsel (a) was ineffective in failing to inform him that the jury submitted questions during deliberations and (b) was ineffective in failing to ensure that he was present when the answers to those questions were provided to the jury.

The limited evidentiary hearing was held on February 25, 2014. Taylor was the only witness. He testified that after the jury received its instructions at his trial, he was taken to a cell behind the courtroom. While the jury was deliberating, his attorney, Steve Osburn, came to speak to him. Taylor told Osburn of his concern that the outcome of the trial did not look good and asked him to request a plea deal from the State. Taylor stated that they did not discuss any questions posed by the jury during deliberations and that he was unaware of any such questions. He testified that he only recently had received the transcripts of his trial and only after reading them did he discover the jury had questions that were answered by the trial court. Taylor specifically denied that he was present for

7

any conference between the attorneys and the trial court judge about the jury's questions and the proposed answers to those questions.

On cross-examination, Taylor consistently denied that he was present for any discussions about questions from the jury. Taylor said Osburn only came to the holding cell once, which is when he and Osburn discussed the possibility of a plea bargain. Taylor said that Osburn told him he would talk to the prosecutor about a plea, but Osburn never came back. Taylor testified that the next time he saw Osburn was when they went back into the courtroom for the verdict.

At the end of the hearing, Judge Fleetwood advised the parties that the proper procedure would have been for the answers to the jury's questions to be given in open court and for Taylor to be present when those answers were provided. Nevertheless, Judge Fleetwood went on to find that the answers to the jury's questions were brief and to the point and could only have been interpreted as favorable to the defendant. Judge Fleetwood ultimately held that, although the answers were not given in open court with Taylor present, "the error was harmless and there is no likelihood at all that they would have in any way affected the outcome of the verdict . . . in this case." As such, Judge Fleetwood denied the motion and ordered the State to prepare a journal entry reflecting his decision.

The written journal entry prepared by the State contained numerous findings that were not explicitly made orally by Judge Fleetwood at the hearing. In fact, many of the findings in Judge Fleetwood's order were taken directly from the State's supplemental response addressing the merits of Taylor's jury questions claim rather than Judge Fleetwood's oral findings at the hearing. Among other things, Judge Fleetwood's written order contained a finding that "[a]ll of the court's answers [to the jury's questions] were accurate, as they are supported by the record before this court." In the journal entry he signed, Judge Fleetwood ultimately included a finding, however, that any error in

answering the jury's questions was harmless because Taylor "wholly fail[ed] to show there [was] a reasonable probability that the written responses could have affected the jury's verdict." The journal entry also included a finding by Judge Fleetwood that Taylor failed to meet his burden of establishing prejudice. This journal entry was approved by Taylor's counsel and signed by Judge Fleetwood.

STANDARD OF REVIEW

Our Supreme Court has held that when considering a K.S.A. 60-1507 motion, a district court has three options:

> "(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer*, 296 Kan. at 822-23.

Our standard of review depends upon which approach the district court used to dispose of the motion. When a court denies a 60-1507 motion based only on the motion, files, and records—either with or without a preliminary, nonevidentiary hearing—we are in as good a position as that court to consider the merits. So we exercise de novo review. *Barr v. State*, 287 Kan. 190, 196, 196 P.3d 357 (2008) (citing *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 [2007]). When the district court conducts a full evidentiary hearing on one or more claims in the 60-1507 motion, however, we review the court's factual findings for substantial competent evidence and determine whether the court's factual findings support its conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

9

STANDARD OF PROOF

To be entitled to relief under K.S.A. 60-1507, a movant must establish by a preponderance of the evidence either (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b). Taylor's claims fall under the third alternative: his counsel failed to effectively represent his interests and therefore deprived him of his constitutional right to a fair trial.

When a K.S.A. 60-1507 motion is based on a claim of ineffective assistance of counsel—as all of Taylor's claims are here—we apply the two-part test derived from *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984), to determine whether the movant has satisfied the applicable burden of proof. The first part of the test requires the movant to establish that counsel's performance fell below an objective standard of reasonableness considering the entire circumstances attendant to the case. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. In considering the circumstances, the court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. 283 Kan. at 90.

If the movant successfully demonstrates counsel's performance was deficient, the second part of the test requires the movant to establish that counsel's deficient performance prejudiced the defense by depriving the movant of his or her right to a fair trial. To show prejudice, the movant must show a reasonable probability that but for

10

counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Cheatham*, 296 Kan. 417, 431-32, 292 P.3d 318 (2013).

ANALYSIS

On appeal from the district court's decision to deny Taylor relief under K.S.A. 60-1507, he claims the following points of error:  (1) the district court erred by procedurally dismissing as untimely his claim that counsel was ineffective in failing to act on Taylor's request to pursue plea negotiations; (2) the district court erred by summarily dismissing his claims that trial counsel was ineffective in failing to call Taylor's niece as a witness, in failing to call a doctor to testify about the victim's wounds, and in failing to request the State to test the blood at the crime scene; and (3) the district court erred by finding—after an evidentiary hearing—that the trial court's answers to the jury's questions were supported by the record and that any failure on the part of counsel related to discussing and answering the jury's questions outside of Taylor's presence was harmless. We address each of Taylor's claims in turn.

*Ineffective assistance of counsel in plea negotiations*

Taylor appeals from a written order dated October 29, 2013, in which Judge Fleetwood procedurally dismissed as untimely Taylor's claim that his counsel was ineffective for failing to pursue plea negotiations as requested. Because Judge Fleetwood procedurally dismissed this particular issue in Taylor's 60-1507 motion based on the motion, files, and records after a nonevidentiary hearing, we are in as good a position as that court to consider the merits. Therefore, we exercise de novo review. See *Barr*, 287 Kan. at 196.

11

In support of his decision to procedurally dismiss the ineffective assistance of counsel claim related to plea negotiations, Judge Fleetwood determined that only those claims set forth in the original K.S.A. 60-1507 motion were subject to Judge Powell's prior finding of timeliness based on manifest injustice. Noting that Taylor's claim of ineffective assistance of counsel regarding plea negotiations was not raised until the supplemental motion, Judge Fleetwood concluded the ineffective assistance of counsel claim relating to plea negotiations was excluded from Judge Powell's prior finding of manifest injustice and, as a result, the claim was untimely and did not relate back to the original motion.

But we disagree with Judge Fleetwood's conclusion that Judge Powell's September 7, 2012, manifest injustice finding applied only to Taylor's original K.S.A. 60-1507 motion filed on April 10, 2012. The original 60-1507 motion—filed pro se by Taylor—is a 3 1/2-page single-spaced document that contains 22 paragraphs. In the first 21 paragraphs of the motion, Taylor seeks postconviction relief based on prosecutorial misconduct due to the State's failure to call an expert witness to testify to the non-life-threatening nature of the victim's stab wounds. Taylor argues the State's failure in this regard necessarily rendered the evidence insufficient to establish the elements of premeditation and intent to kill the victim. The last paragraph of the motion states as follows: "The defendant also alleges that his trial attorney 'Mr. Osburn' was ineffective for not adequately representing the defendant." This solitary sentence is the only reference Taylor makes in the original motion relating to ineffective assistance of counsel.

Before any response to his motion was filed by the State, Taylor filed a supplemental motion setting forth a factual basis to support the one-sentence general claim of ineffective assistance of counsel he made in his original motion: (1) trial counsel did not call Taylor's niece as a witness, (2) trial counsel did not put forth any defense at trial, (3) trial counsel did not call a doctor to testify about the victim's wounds, (4) trial

counsel did not require the State to test the blood at the crime scene in order to determine whether it was actually Bradley's blood, (5) trial counsel failed to follow through with Taylor's request to seek a plea deal, and (6) trial counsel failed to inform Taylor of three questions that were asked by the jury during deliberations and failed to ensure Taylor was present when those questions were answered.

Notably, the State did not file a responsive brief until after it received Taylor's supplemental motion. In it, the State argued Taylor's motion for relief should be summarily denied as untimely. At a subsequent hearing on the State's procedural request for dismissal, however, the State ultimately conceded to Judge Powell that summary dismissal of Taylor's motion as untimely would result in a manifest injustice. Accordingly, Judge Powell ordered the State to file a response addressing the merits of Taylor's motion.

After the State filed its response, Judge Fleetwood held a preliminary nonevidentiary hearing on the merits of Taylor's motion. After the parties presented arguments, Judge Fleetwood considered the merits of and then ultimately denied the following ineffective assistance of counsel claims set forth in Taylor's supplemental motion:  failure to present a defense, failure to call Taylor's niece as a witness, failure to call a doctor to testify about the victim's wounds, and failure to require the State to test the blood at the crime scene. Notably, the four claims considered and ruled upon by the district court were set forth only in Taylor's supplemental motion—none of these four claims were mentioned in Taylor's original motion.

Curiously, Judge Fleetwood thereafter refused to consider the merits of Taylor's claim alleging ineffective assistance of counsel on the issue of plea negotiations. Like the four claims considered and ruled upon by the district court, the plea negotiation claim was only set forth in Taylor's supplemental motion. Without any explanation as to why it was distinguishable from the other claims that appeared only in the supplemental motion,

13

Judge Fleetwood held this particular claim was procedurally barred from being heard on the merits because it was untimely. Specifically, and legally incompatible with its decision to address the other four claims on the merits, Judge Fleetwood found Judge Powell's prior decision regarding manifest injustice applied only to the specific claims set forth in Taylor's original K.S.A. 60-1507 motion. Noting the claim of ineffective assistance in plea negotiations was made in Taylor's supplemental K.S.A. 60-1507 motion, Judge Fleetwood held the claim should be dismissed on procedural grounds because it was untimely and did not relate back to the original motion.

Based on the procedural history and the relevant facts as set forth above, Taylor's claim of ineffective assistance of counsel in plea negotiations should not have been dismissed as untimely. Specifically, we conclude that Judge Powell's September 7, 2012, manifest injustice finding applied both to Taylor's original K.S.A. 60-1507 motion filed on April 10, 2012, and to the supplemental motion he filed on July 6, 2012. Our conclusion in this regard is supported by (1) Judge Fleetwood's decision to analyze on the merits the four other claims of ineffective assistance of counsel set forth in the supplemental motion but not in the original motion, (2) the chronology of the parties' filings, which reflect that the supplemental motion was filed before the State filed any response to the motion, and (3) the general language used by Judge Powell in finding the court's refusal to consider Taylor's claims would result in a manifest injustice. Our conclusion is further supported by the October 29, 2013, order issued by Judge Fleetwood after the preliminary, nonevidentiary hearing. In the first paragraph of that order, Judge Fleetwood states Taylor's May 7, 2012, motion and his July 6, 2012, supplemental motion are presented to the court for hearing based on Judge Powell's September 7, 2012, order. After setting forth the relevant procedural history and findings of fact, Judge Fleetwood introduced the section of the order setting forth the court's conclusions of law by noting that "movant's 1507 motion, and supplemental 1507 motion are presented for preliminary, nonevidentiary hearing."

14

Based on our conclusion that Judge Powell's September 7, 2012, manifest injustice finding applied both to Taylor's original K.S.A. 60-1507 motion filed on April 10, 2012, and to the supplemental motion he filed on July 6, 2012, we deem Taylor's claim of ineffective assistance of counsel in plea negotiations to be timely. Accordingly, we reverse the decision to dismiss this particular claim and remand it for the district court to consider the merits and then determine whether (1) the motion, files, and case records conclusively show Taylor is entitled to no relief; (2) the motion, files, and records of the case show that a potentially substantial issue exists, in which case a preliminary hearing may be held; or (3) the motion, files, records, or preliminary hearing show that a substantial issue is presented that requires an evidentiary hearing. See K.S.A. 60-1507(b).

*Summary dismissal*

Taylor next argues that the district court erred by failing to grant an evidentiary hearing on three of his ineffective assistance of counsel claims after a preliminary hearing. As stated above, when a court denies a 60-1507 motion after a preliminary, nonevidentiary hearing, we are in as good a position as that court to consider the merits of the claims; so, we exercise de novo review. *Barr*, 287 Kan. at 196. A K.S.A. 60-1507 movant bears the burden of proving that a claim warrants an evidentiary hearing. To do so, the movant's contentions must be more than conclusory and the movant must either state an evidentiary basis in support of the claim or an evidentiary basis must appear in the record. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

*Taylor's niece*

Taylor argues he is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel based on trial counsel's decision not to call his niece as a witness. In the context of a claim for ineffective assistance of counsel, the Kansas Supreme Court has held determining which witnesses should testify at trial is a strategic decision that is

15

the exclusive province of an attorney after consultation with his or her client. *Bledsoe*, 283 Kan. at 92.

> "'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.' [Citations omitted.] The burden is on a defendant to demonstrate that the alleged deficiencies were not the result of strategy. [Citations omitted.]" *State v. Adams*, 292 Kan. 151, 167-68, 254 P.3d 515 (2011).

Taylor admits that his niece did not witness the crimes with which he was charged but instead argues only that her testimony "may have supported his defense." The only evidence relating to his niece that Taylor cites to support his claim, however, is the fact that she was mentioned in Detective Hummell's testimony. Hummell testified at trial that after the stabbing, Taylor advised her that he had told his niece that he thought he stabbed Bradley.

Even if true, the fact that Taylor told his niece he thought he stabbed Bradley does not provide an evidentiary basis upon which we can conclude that counsel's decision not to call Taylor's niece as a witness was objectively unreasonable. Taylor made no attempt to explain in his K.S.A. 60-1507 motion what he told his niece about the events in question or why her testimony would have been helpful at trial. Simply put, Taylor has failed to assert an evidentiary basis supporting his claim that counsel was ineffective for failing to call his niece as a witness; therefore, he is not entitled to an evidentiary hearing on this claim.

*Expert witness*

Next, Taylor argues he is entitled to an evidentiary hearing on his claim that counsel was ineffective in failing to call a doctor to testify about the non-life-threatening

16

nature of Bradley's wounds. Specifically, he argues that her wounds were minor, and a doctor's testimony would have contradicted the State's argument that Taylor's actions were sufficient to support a conviction for attempted premeditated murder. Taylor does not elaborate on this argument.

But the testimony presented at trial was sufficient to establish the non-life-threatening nature of Bradley's wounds. Defense elicited testimony that Bradley did not need surgery for her wounds, and the State introduced into evidence pictures of Bradley's wounds. In fact, the testimony and the pictures were cited by the defense during closing arguments as evidence that Bradley's life was never in danger and that Taylor had no intent to kill her. In addition, there is evidence in the record indicating that Taylor's attorney took advantage of the State's failure to present expert testimony from a physician at trial. Taylor's attorney commented in his closing argument that "[i]f there would have been severe medical damage to her, I think we'd a probably had a doctor in here telling you that."

In the absence of any evidence to the contrary, we must presume that an attorney's conduct fell within a broad range of reasonable professional assistance. *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009). Taylor has failed to present any evidence that his attorney's decision not to call a doctor to testify about the non-life-threatening nature of Bradley's wounds was objectively unreasonable. Accordingly, the district court did not err in summarily dismissing this claim without first holding an evidentiary hearing.

*Blood samples*

Taylor also argues he is entitled to an evidentiary hearing on his claim that counsel was ineffective in failing to require the State to have blood samples tested to determine whether the blood belonged to the victim. We disagree.

17

There is no dispute that Bradley suffered several stab wounds. When Otis arrived at the scene of the crime, he found Bradley bleeding from those wounds. Taylor admitted in a statement to the police that he had a knife during his fight with Bradley and that he may have stabbed her. But Taylor fails to explain why testing blood found at the scene is relevant to his case. In the absence of such an explanation, there is no evidence to establish that his attorney's decision not to request blood sample testing was objectively unreasonable. Accordingly, the district court did not err in summarily dismissing this claim without first holding an evidentiary hearing.

*Jury questions*

In his last claim of error, Taylor argues the district court improperly held after an evidentiary hearing that (1) the trial court's answers to the jury's questions were supported by the record and (2) any failure on the part of counsel related to discussing and answering the jury's questions outside of Taylor's presence was harmless. After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law on all issues presented. Supreme Court Rule 183(j) (2014 Kan. Ct. R. Annot. 285). A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Appellate courts review the underlying factual findings for support by substantial competent evidence. *Cheatham*, 296 Kan. at 430. Substantial evidence is such evidence that a reasonable person might accept as sufficient to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). We must give deference to the district court's findings of fact, accepting as true the evidence and any inferences that support or tend to support the district court's findings. *Hunt v. State*, 48 Kan. App. 2d 1023, 1029, 301 P.3d 755, *rev. denied* 298 Kan. 1202 (2013). We conduct an unlimited review of the district court's conclusions of law. *Adams*, 297 Kan. at 669.

*Accuracy*

During deliberations, the jury submitted the following written question to the trial court: "[W]hat time did the incident on the 4th occur?" Without objection from counsel, the trial court provided the following response: "[T]he only evidence was that it was dark." Based on his claim that the court's answer was inaccurate, Taylor argues his counsel's failure to object to the erroneous answer deprived him of effective assistance of counsel.

With regard to his claim that the court's answer was inaccurate, Taylor cites to the testimony of Rica Bradley, Karen Bradley's daughter, who testified that the incident occurred when it was "dark" and "nighttime." To that end, Taylor argues he is entitled to a new trial because counsel failed to ensure the court included "nighttime" in its response to the jury's question. We disagree.

Taylor fails to allege, let alone establish, that counsel's performance fell below an objective standard of reasonableness considering the entire circumstances attendant to the case. And even if he had established deficient performance of counsel on this issue, Taylor fails to allege, let alone establish, that counsel's deficient performance prejudiced the defense by depriving him of his right to a fair trial.

*Taylor's presence*

Next, Taylor argues the district court erred in finding he was not prejudiced by counsel's failure to ensure he was personally present when the trial court and counsel discussed and decided on answers to three questions posed by the jury during its deliberations.

During its deliberations, the jury submitted three written questions to the trial court. We find nothing in the record to establish that Taylor was present when the trial court and counsel actually discussed and decided on answers to the three jury questions. Notably, Taylor does not frame his challenge here as a violation of his right to be present at all critical stages of trial under the Sixth Amendment to the United States Constitution. Instead, Taylor specifically characterizes his claim as one of ineffective assistance of counsel: "Mr. Taylor's claims regarding the jury instructions was that trial counsel was ineffective when he failed to protect his right to be present at all critical stages during the trial process." Given the manner in which Taylor has framed his issue, we must analyze Taylor's claim using the two-part ineffective assistance of counsel test derived from the United States Supreme Court's decision in *Strickland*.

In its order denying Taylor K.S.A. 60-1507 relief after the evidentiary hearing, the district court made no findings with regard to the first part of the *Strickland* test: whether counsel's performance was deficient. Instead, the court concluded that even if counsel's performance was deficient, Taylor failed to bear his burden to establish the second part of the *Strickland* test: that he was prejudiced by any alleged deficient performance. We agree with the conclusion reached by the district court.

It appears from the record that at some point after the trial court had been advised that the jury had reached a verdict but before the court called the jury back into the courtroom to render that verdict, the trial court made the following statements on the record:

> "All right. We're back on the record, with counsel and the defendant present. For the record, the Court would note that there were three questions submitted to the Court for an answer, in which after conferencing with counsel we agreed on answers to those questions.
> "The first question by the jury was, quote, was there testimony to the fact of there being bruises on or about her neck on or after the incident on the 4th. Signed and dated

20

by the presiding juror. After consultation with counsel, the Court answered the question no. And the Court signed the document at 1:28 p.m. and it was hand-delivered back to the jury and that piece of paper will be filed as an exhibit in the court file.

"The next question that the jury submitted was, quote, what time did the incident on the 4th occur. Signed and dated by the presiding juror. The Court answered the question, after agreement by counsel, quote, the only evidence was that it was dark, signed by the Court at 2:23 p.m.

"The next question was, quote, when was the daughter interviewed by Detective Giffen? Sign and dated by the presiding juror. Again, the answer given to the jury by the Court, with agreement of counsel, was quote, there was no testimony on this point, period, unquote, signed by the Court on 2:23 p.m. The Court will file this piece of paper as an exhibit in the court file, as well. Have I recited accurately the question submitted by the jury? And I'm assuming there was no objection to those answers?"

Both the State's attorney and Taylor's attorney affirmatively stated that they had no objection to the answers provided by the trial court. This excerpt from the trial transcript makes clear that Taylor was present at the time the trial court presented this information. Thus, Taylor was advised of the three questions that were asked by the jury and of the answers that were given as agreed to by the trial court and both counsel. After Taylor was advised of the questions and agreed-upon answers given, the trial court provided the parties, including Taylor himself, an opportunity to object. Significant to the issue presented here, Taylor stood silent. After confirming neither party had any other issues to present to the court, the jury returned to the courtroom and announced its verdict of guilty on all three counts submitted for decision.

Based on these facts, the district court concluded that Taylor failed to bear his burden to establish that he was prejudiced by any alleged deficient performance provided by counsel. In order to prevail on the prejudice part of his ineffective assistance of counsel claim, Taylor was required to establish that counsel's failure to ensure Taylor was present when the trial court and counsel actually discussed and decided on answers to the three jury questions deprived him of his right to a fair trial. To show prejudice, Taylor

had to show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Cheatham*, 296 Kan. 417, 431-32, 292 P.3d 318 (2013).

Taylor failed to show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. After reading the three questions and three answers verbatim, the record reflects that Taylor was present and stood silent when the trial court asked if there were any objections. In fact, Taylor does not allege in his K.S.A. 60-1507 pleading or his appellate brief that he would have objected to the answers approved by his counsel and then given to the jury, let alone the grounds upon which he would have objected. Based on his presence during the preverdict colloquy above, Taylor failed to establish how he was prejudiced by his attorney's failure to ensure he was present at the earlier jury question conference. For this reason, we affirm the district court's decision to deny Taylor relief on this issue.

Affirmed in part, reversed in part, and remanded for the district court to consider the merits of Taylor's claim alleging ineffective assistance of counsel in plea negotiations in order to determine whether (1) the motion, files, and case records conclusively show Taylor is entitled to no relief; (2) the motion, files, and records of the case show that a potentially substantial issue exists, in which case a preliminary hearing may be held; or (3) the motion, files, records, or preliminary hearing show that a substantial issue is presented that requires an evidentiary hearing.