(4 P.3d 1180)
No. 82,503

STATE OF KANSAS, *Appellee,* v. GARY A. BROOKER, *Appellant.*

Opinion filed April 28, 2000.

*Rick Kittel*, assistant appellate defender, *Sean Fleming*, legal intern, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Lesley A. McFadden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and BUCHELE, S.J.

LEWIS, J.: Defendant Gary A. Brooker was convicted of two counts of aggravated assault. He was sentenced to probation for 36 months, which was a dispositional departure from the presumptive prison sentence of 12 months. This is a direct appeal from the convictions.

We affirm.

On the day in question, the victims were in their automobile returning home after a shopping trip. According to them, a red car pulled into the lane on the right side of their vehicle and began to follow them. The victims indicated they became concerned that the red car was going to follow them home, and they turned onto a side street in order to take an alternate route home.

The victims stopped their vehicle on the side street and began to reverse, intending to turn around and take a different route home. At this point, the red car passed the side street and paused, at which time someone in the vehicle fired two gunshots before driving away. The victims believed the shots were fired at them.

The next day, the victims were driving around the community and saw the red car pulling out of a driveway. They recorded the license tag number of that car and reported the shooting incident to the police.

The police investigated the incident and found the red car. The car was stopped, and one of its occupants was defendant. A search

of the vehicle revealed that a handgun and a shotgun were inside the vehicle. Defendant and a companion were taken to the police station for questioning.

Defendant was informed of his *Miranda* rights and waived those rights. He went on to admit it was he who fired two shots from a shotgun to scare the occupants of the other vehicle.

On appeal, defendant first argues the trial court erred in not instructing the jury on the lesser included offense of attempted aggravated battery.

In a conference to review the proposed jury instructions, defendant neither requested the lesser included offense instruction nor objected to the trial court's failure to give that instruction.

Prior to July 1, 1998, the appellate courts of this state have held that a trial court has an affirmative duty to instruct a jury on *any* lesser included offense supported by the evidence. *State v. Butler,* 25 Kan. App. 2d 35, 38, 956 P.2d 733, *rev. denied* 265 Kan. 886 (1998). This rule applied even though no such instruction was requested. It applied even though no one had ever argued or even suggested that a particular offense might be a lesser included offense of that with which defendant was charged. The fact that no one had *suggested it before or that no one had requested such an* instruction did not prevent us from reversing the trial court for failing to give a lesser included offense instruction that was raised as an afterthought. The net result is that we have been forced time and time again to consider lesser included offense claims that were never brought to the attention of the trial court. See *State v. Hickles,* 261 Kan. 74, 83, 929 P.2d 141 (1996).

The legislature has taken a significant step to eliminate the problems discussed above. K.S.A. 1999 Supp. 22-3414(3) became effective July 1, 1998. L. 1998, ch. 185, § 3. That statute provides in pertinent part as follows:

"No party may assign as error the giving or failure to give an instruction, *including a lesser included crime instruction,* unless the party *objects thereto* before the jury retires to consider its verdict stating distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is *clearly erroneous.*" (Emphasis added.)

If the 1998 amendment to 22-3414(3) applies to this case, it means that defendant's claim of error is without merit and will not be considered on appeal.

In general, when a criminal statute is amended after the date the crime was committed, as in this case, the amendment has retroactive effect only upon a clear legislative mandate to that effect. See *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991). However, an amendment to a statute may operate retroactively when the statutory change does not prejudice the substantive rights of the parties but merely alters the procedural aspects of the trial. 248 Kan. at 106.

A statute is considered substantive when it contains a body of rules which define what acts are punishable and proscribes punishment for the commission of those acts. On the other hand, a statute is procedural when it provides for or regulates the steps to be taken in determining whether a person has violated a criminal statute. See *State v. Sylva*, 248 Kan. 118, 119, 804 P.2d 967 (1991). When no legislative mandate is controlling, whether a statute is to be given retroactive effect will depend on whether it proscribes certain conduct or assigns a punishment for that conduct or whether it merely establishes the method by which the conduct is to be evaluated.

K.S.A. 1999 Supp. 22-3414(3) is nothing more than a standard of review. A standard of review does not redefine criminal conduct, nor does it lengthen the duration or increase the severity of the punishment for the conduct in question.

For instance, in *State v. Nunn*, 244 Kan. 207, 216-17, 768 P.2d 268 (1989), the Supreme Court held that a statute of limitations, while barring the execution of a cause of action, is procedural because it does not bar the substantive rights of the aggrieved party but merely precludes the courts from fashioning a remedy to redress a violation of those rights if the cause of action is not brought within the necessary time period.

In *Florida Dept. of HRS v. Breeden*, 21 Kan. App. 2d 490, 499-500, 901 P.2d 1357 (1995), we held that subject matter jurisdiction was procedural inasmuch as it affected merely the forum in which the grievances were to be addressed.

The application of a substantive change in the law to a crime committed prior to the law being changed would obviously be an ex post facto violation. Our Supreme Court has identified a two-element test to be used in determining whether a particular retroactive application will run afoul of the ex post facto prohibition. The court indicated that a law unconstitutionally violates the ex post facto prohibition if it (1) applies to events occurring before the statute is enacted, and (2) disadvantages the criminal defendant by its application. *Stansbury v. Hannigan*, 265 Kan. 404, 412, 960 P.d 227, *cert. denied* 147 L. Ed. 2d 567 (1998).

We conclude the 1998 amendment to K.S.A. 22-3414(3) is procedural only and it affects only the amount of scrutiny which we can apply in reviewing an argument that the trial court erred in failing to give a certain instruction. The substantive right of defendant to have the jury instructed on all lesser included offenses is unaffected.

The United States Supreme Court has held: "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30-31, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981).

In this case, the statutory amendment was effective July 1, 1998. Defendant was not tried until August 1998. Under the circumstances shown, we conclude that defendant received adequate notice of the statutory change.

We hold the 1998 amendment to K.S.A. 22-3414(3) may be retroactively applied in the instant matter without violating the ex post facto prohibition contained within the United States Constitution.

Under the statute as amended, since defendant did not object to the failure to give a lesser included offense instruction, that issue may not be raised on appeal unless the failure to give the instruction was clearly erroneous. "An instruction is clearly erroneous when the reviewing court reaches a firm conviction that, if the trial error had not occurred, there was a real possibility that the jury would have returned a different verdict." *Jackson v. City of Kansas City*, 263 Kan. 143, 148, 947 P.2d 31 (1997). We have reviewed

the record, and we cannot conclude there was any possibility that the jury would have returned a different verdict had the lesser included offense instruction been given. Accordingly, under the standard set forth in K.S.A. 1999 Supp. 22-3414(3), the trial court's failure to give the lesser included offense instruction was not preserved for appellate review.

Without prolonging this opinion, we note in closing this issue that there was no evidence to support the giving of an attempted battery instruction. By defendant's own testimony, he indicated that when he fired the gun, he intended only to scare the victims. In order to support an instruction on attempted aggravated battery, there must be evidence to support a jury's finding that defendant intended to inflict bodily harm. We find no such evidence exists and that, in fact, the crime of attempted aggravated battery was not a lesser included offense of aggravated assault.

Finally, defendant argues the trial court committed reversible error in attempting to define the "immediate" element of assault. During jury deliberations, the jury presented a question to the court asking for clarification on the meaning of the assault definition provided by the jury instructions. The trial court provided definitions of "imminent" and "apprehension," which were submitted to trial counsel for approval. After the court and counsel considered the question, they all agreed the jury would be instructed that "apprehension" meant "fear" and "immediate" meant "close at hand or about to happen." Defense counsel agreed to the proposed definition of terms that would be submitted to the jury. Under those circumstances, defendant is in no position to argue that the response was in error.

In *State v. Cramer*, 17 Kan. App. 2d 623, 632, 841 P.2d 1111 (1992), *rev. denied* 252 Kan. 1093 (1993), we considered this issue. In *Cramer*, the jury had requested clarification on an instruction, and the State proposed a definition set out in the syllabus of another case. The defendant approved the standard established by the syllabus but argued on appeal that the syllabus established an improper standard to be applied.

We held that defendant had acquiesced to the standard submitted to the jury by approving the State's proposed answer. "If the

language used to answer the jury's question was erroneous, then it was error invited by defendant. 'A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal.' " *Cramer*, 17 Kan. App. 2d at 632 (quoting *State v. Prouse*, 244 Kan. 292, 298-99, 767 P.2d 1308 [1989]).

We conclude that *Cramer* is controlling and that if the language used to answer the jury's question was erroneous, it was error invited by defendant, and the invited error rule applies. Defendant's argument concerning the trial court's error in defining terms to the jury is without merit.

Even if we were to consider defendant's argument, since there was no objection to the instruction, it would only be reversible error if it were clearly erroneous. We defined the term clearly erroneous earlier in this opinion, and we conclude the definitions given to the jury in this case were not clearly erroneous.

Affirmed.