Nos. 88,264
88,265
88,266
88,575

STATE OF KANSAS, *Appellant*, v. DALE C. ARMBRUST, BRIAN B.
THOMPSON, THERESA BROWN, TIMOTHY BAUMANN, *Appellees*.
(59 P.3d 1000)

Opinion filed
December 6, 2002.

*Deborah L. Hughes*, assistant district attorney, argued the cause, and *Robert D. Hecht*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellant.

*Korey A. Kaul*, assistant appellate defender, argued the cause, and *Kristen Chowning*, assistant appellate defender, was with her on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Each of the defendants in these consolidated cases, Dale Armbrust, Brian Thompson, Theresa Brown, and Timothy Baumann, was convicted before 1999 of crimes that required

registration as a sex offender. When they were convicted of the underlying offenses, violation of the registration requirement was a misdemeanor. In the present cases, the State charged each defendant with violating the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, by failing to comply with mandatory periodic address verification. The penalty for violation of the registration act was changed by amendment in 1999 from a misdemeanor to a felony. The district court dismissed the complaints on the ground that the enhanced penalty was prohibited by the Ex Post Facto Clause of Article I, § 10 of the United States Constitution. The State appeals pursuant to K.S.A. 2001 Supp. 22-3602(b)(1), and jurisdiction lies in this court on account of the constitutional question. See K.S.A. 22-3601(b)(2).

Armbrust was required to register with the KBI as a result of his July 11, 1996, conviction. Thompson was required to register as a result of his May 12, 1994, conviction. Brown was required to register as a result of her September 3, 1996, conviction. Bauman was required to register as a result of his February 14, 1997, conviction.

The State charged each defendant with violating the offender registration act by failing to mail a periodic address verification form to the KBI within 10 days of receiving it, as required by K.S.A. 2001 Supp. 22-4904(c)(2). Armbrust was alleged to have failed to mail his address verification form to the KBI within 10 days after August 3, 2001; Thompson within 10 days after June 1, 2000; Brown within 10 days after May 1, 2001; and Baumann within 10 days after February 16, 2001. Each defendant was charged with a severity level 10, nonperson felony.

On the motions of the defendants, the district court dismissed the complaint in each of the four cases. The district court believed that the application of the felony penalty to these defendants, who were convicted of the underlying offenses at a time when the registration violation penalty was a misdemeanor, violated the Ex Post Facto Clause of the federal Constitution.

The State argues on appeal that the key date for purposes of an ex post facto analysis is not the date of conviction of the crime requiring registration but rather the date when defendant is alleged

to have violated the registration statute. The State relies on *State v. Lueker*, 264 Kan. 341, 956 P.2d 681 (1998), and *People v. Logan*, 302 Ill. App. 3d 319, 705 N.E. 2d 152 (1998).

K.S.A. 2001 Supp. 22-4904(c) provides in part:

"(c)   For any person required to register as provided in this act, every 90 days after the person's initial registration date during the period the person is required to register, the following applies:

(1)   The Kansas bureau of investigation shall mail a nonforwardable verification form to the last reported address of the person.

(2)   The person shall mail the verification form to the Kansas bureau of investigation within 10 days after receipt of the form.

(3)   The verification form shall be signed by the person and shall provide the following information, as applicable, to the Kansas bureau of investigation: (A) Whether the person still resides at the address last reported; (B) whether the person still attends the school or educational institution last reported; (C) whether the person is still employed at the place of employment last reported; and (D) whether the person's vehicle registration information is the same as last reported.

(4)   If the person fails to mail the verification form to the Kansas bureau of investigation within 10 days after receipt of the form, the person shall be in violation of the Kansas offender registration act."

K. S. A. 2001 Supp. 22-4903 provides that "[a]ny person who is required to register as provided in this act who violates any of the provisions of this act is guilty of a severity level 10, nonperson felony."

Until 1999, 22-4903 provided that a person required to register under the offender registration act who violates any of the provisions of the act is guilty of a misdemeanor. See L. 1999, ch. 164, sec. 30.

The Ex Post Facto Clause of Article 1, § 10 of the United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." It is long established that "[a]ny statute . . . which makes more burdensome the punishment for a crime, after its commission . . . is prohibited as ex post facto." *Beazell v. Ohio*, 269 U.S. 167, 169-70, 70 L. Ed. 216, 46 S. Ct. 68 (1925).

Defendants contend that enhancement of the punishment for violation of the registration requirements from a misdemeanor to a felony, as applied to them, is prohibited as ex post facto because

it makes the punishments for their crimes more burdensome after commission of the crimes. The crime defendants were charged with in the present cases was violation of the registration requirements, and it was classed as a felony at the time each defendant allegedly committed it. Thus, the punishment has not been made more burdensome for defendants' violations of registration requirements after they failed to return the verification forms.

Defendants, however, contend that each defendant's duty to register arose when each was adjudged a sex offender and is an ongoing duty. Because conviction of the underlying offense creates an ongoing obligation to register, according to defendants, it is the date of the underlying offense rather than the date of the alleged registration violation that is relevant to ex post facto analysis.

*Lueker* did not involve the provisions of the Kansas Offender Registration Act, but rather the criminal possession of a firearm. The basis for the charge was possession of a prohibited firearm within a prescribed time after being convicted of a felony. The statute defining what is a prohibited firearm was amended subsequent to Lueker's felony conviction. We noted that "it is well established that a criminal statute in effect at the time of the criminal offenses are controlling." 264 Kan. at 345. The issue was whether the statute in effect at the time of the initial felony conviction or at the time of the possession of the prohibited firearm applied. We held the latter and found that there was no ex post facto violation.

In *Logan*, the defendant argued that the Sex Offender Registration Act was unconstitutional in that it violated the Ex Post Facto Clause of the United States and Illinois Constitutions. His argument was based on the passage of the Illinois Sex Offender Registration Act after he was convicted of the sex offense, and that the penalty for failure to register was enhanced from a misdemeanor to a felony. The latter is also the basis of the defendants' argument in the present case. The Illinois court, relying on *Kansas v. Hendricks*, 521 U.S. 346, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997), held that the registration was not punishment but rather a de minimis administrative requirement and, thus, not a violation of the Ex Post Facto Clause of the state or federal Constitutions.

Defendants' theory is analogous to one addressed by the Second Circuit Court of Appeals in *United States v. Brady*, 26 F.3d 282 (2d Cir.), *cert. denied* 513 U.S. 894 (1994). In *Brady*, a defendant named DeMatteo invoked the prohibition of ex post facto laws in contending that his 1951 felony conviction could not serve as the predicate offense under 18 U.S.C. § 922(g) (1988), a statute enacted after 1951 that makes it unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding 1 year to possess any firearm in or affecting commerce. The federal Court of Appeals found his argument to be wholly without merit:

"A criminal or penal law is ex post facto if it is retrospective and it disadvantages the offender affected by it. *United States v. Alkins*, 925 F.2d 541, 549 (2d Cir. 1991). The critical question in evaluating an ex post facto claim 'is whether the law changes the legal consequences of acts completed before its effective date.' *Weaver v. Graham*, 450 U.S. 24, 31, 101 S. Ct. 960, 965, 67 L. Ed. 2d 17 (1981). A statute does not violate ex post facto principles where it applies to a crime that 'began prior to, but continued after' the statute's effective date. *United States v. Alkins*, 925 F.2d 541, 549 (2d Cir. 1991) (quoting *United States v. Torres*, 901 F.2d 205, 226 (2d Cir. 1990)).

. . . .

"DeMatteo violated section 922(g) long after it became the law. Section 922(g) became effective in 1986. DeMatteo's possession of a gun from which the current conviction arises occurred on June 10, 1992. Regardless of the date of DeMatteo's prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which he was convicted. By 1992 DeMatteo had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the law. Therefore, the Ex Post Facto clause was not violated by the use of a 1951 felony conviction as a predicate for a violation of § 922(g)." 26 F.3d at 291.

The Second Circuit Court of Appeals concluded that the date of DeMatteo's prior conviction was irrelevant because the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute making it a crime to be a felon in possession of a firearm. In *United States v. Allen*, 886 F.2d 143, 146 (8th Cir. 1989), that court stated: "So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation."

In the present case, the actual crimes with which defendants were being charged occurred after the effective date of amendment of K.S.A. 22-4903. The penalty was increased from a misdemeanor to a felony in 1999. Defendants were alleged to have failed to return address verification forms in June 2000 and thereafter. They could have conformed their conduct to the requirements of the amended registration statutes. We conclude that there are no ex post facto violations.

We reverse and remand with instructions to reinstate the charges against the defendants.