(87 P.3d 345)
No. 90,503

STATE OF KANSAS, *Appellee*, v. CARMEN E. LAZOS, *Appellant*.

Opinion filed April 9, 2004.

*Heather Cessna*, assistant appellate defender, for appellant.

*Ellen H. Mitchell*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE, J., and ROGG, S.J.

RULON, C.J.: Defendant Carmen Lazos appeals his conviction for failure to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. Defendant contends the district court lacked jurisdiction to consider his reporting failure and that application of the reporting requirements to his case violates the *ex post facto* prohibition of the United States Constitution. We affirm.

On September 7, 1999, the defendant entered a plea of guilty to involuntary manslaughter and was sentenced to 32 months in prison. The district court did not certify the defendant as an offender under K.S.A. 1998 Supp. 22-4902(d).

On May 11, 2001, the defendant registered under KORA in Norton County at the correctional facility. Eleven days later, he again registered in Saline County. On September 4, 2001, an ad-

dress verification form was mailed to the defendant at the address provided on the last registration form, as required under K.S.A. 2001 Supp. 22-4904(c)(1), which the defendant failed to return.

The State originally charged the defendant with failure to register under KORA, in violation of K.S.A. 2001 Supp. 22-4904, but subsequently amended the complaint to reflect the defendant's failure to return the address verification form, in violation of K.S.A. 2001 Supp. 22-4904(c).

In response, the defendant filed objections to his prosecution for failure to return the address verification form, arguing the district court which sentenced him for involuntary manslaughter never certified him as a violent offender and that imposition of a felony conviction constitutes an *ex post facto* violation. The district court found no merit in the defendant's arguments and sentenced him to serve 6 months with the Department of Corrections but suspended the sentence in favor of 12 months of probation.

## Failure to Certify

The defendant challenges the district court's jurisdiction to impose any penalty for a KORA violation because the defendant was never certified as a violent offender when the defendant was sentenced for involuntary manslaughter. The defendant argues that by failing to certify him under KORA, the Act is inapplicable.

The defendant's argument hinges upon his interpretation of K.S.A. 1998 Supp. 22-4902(d), which states in pertinent part:

"(d) 'Violent offender' includes any person who, after the effective date of this act, is convicted of any of the following crimes:

. . . .

"(5) involuntary manslaughter as defined by K.S.A. 21-3404 and amendments thereto; . . .

. . . .

"Upon such conviction, the court shall certify that the person is an offender subject to the provisions of K.S.A. 22-4901 *et seq.* and amendments thereto and shall include this certification in the order of commitment."

The defendant argues that because the district court never certified him as a violent offender, he is not subject to the requirements of KORA. However, in 1999, the Kansas Legislature

amended KORA to eliminate the certification requirement. L. 1999, ch. 164, sec. 29.

While the defendant argues that a court must apply the version of a law that was effective at the time of the offense, the prohibition upon the retroactive application of amendments to a statute applies only to substantive criminal provisions, not merely procedural statutes. See *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001) (citing *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 [1980]; *State v. Sylva*, 14 Kan. App. 2d 609, 612, 795 P.2d 947 [1990]).

"A statute is considered substantive when it contains a body of rules which define what acts are punishable and proscribes punishment for the commission of those acts. On the other hand, a statute is procedural when it provides for or regulates the steps to be taken in determining whether a person has violated a criminal statute. See *State v. Sylva*, 248 Kan. 118, 119, 804 P.2d 967 (1991). When no legislative mandate is controlling, whether a statute is to be given retroactive effect will depend on whether it proscribes certain conduct or assigns a punishment for that conduct or whether it merely establishes the method by which the conduct is to be evaluated." *State v. Brooker*, 27 Kan. App. 2d 396, 399, 4 P.3d 1180, *rev. denied* 269 Kan. 935 (2000).

Although the portion of K.S.A. 1999 Supp. 22-4902(d) which defines those crimes requiring registration under KORA may be deemed substantive in nature, it is unnecessary to determine that issue in this case. The defendant admits that as of the date of his offense, a person who committed involuntary manslaughter was defined as a violent offender. The only change between the law in effect when the defendant committed the offense and the law in effect when the defendant was sentenced is that, if the 1999 amendments applied, the sentencing court was not required to include a certification of the defendant as a violent offender within the commitment order.

Consequently, the sentencing court was under no obligation to certify the defendant as a violent offender and to include such certification within the order of commitment. The defendant's argument that the provisions of KORA were inapplicable in his case is without legal merit.

### Ex Post Facto Application

The defendant contends that an amendment which increased the penalty from a misdemeanor to a low level felony operated

retroactively and is legislation given *ex post facto* application in violation of the United States Constitution.

Our Supreme Court has previously addressed this issue. See *State v. Armbrust*, 274 Kan. 1089, 59 P.3d 1000 (2002). First, the *Armbrust* court recognized that the conduct punished by application of KORA was not the violent offense which triggered the registration requirements, but the failure to register under the Act or to return the address verification within 10 days. It then determined that the application of the amended penalty provision to Armbrust occurred after the effective date of the amendment in 1999. Consequently, the court determined that sentencing Armbrust to a level 10 felony for failing to return the address verification was not an *ex post facto* violation. *Armbrust*, 274 Kan. at 1090-94.

Similarly, the 1999 amendments to K.S.A. 22-4903, which increased the penalty for violations of KORA from a class A misdemeanor to a level 10 felony, were effective before September 2001 when the defendant failed to comply with the address verification requirements of K.S.A. 2001 Supp. 22-4904(c). *Armbrust* is controlling precedent, which this court is duty-bound to apply absent some indication that the Supreme Court is departing from its precedent. *State v. Jackson*, 30 Kan. App. 2d 288, 299, 41 P.3d 871 (2002).

Affirmed.