`IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 107,114
107,115

STATE OF KANSAS,
*Appellant/Cross-appellee*,

v.

WILLIE J. SCUDERI,
*Appellee/Cross-appellant.*

SYLLABUS BY THE COURT

1.

The legislature intended the Kansas Offender Registration Act (KORA) to be civil and nonpunitive for all classes of offenders.

2.

Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

3.

Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does.

4.

Charging document sufficiency is a question of law subject to de novo review.

1

5.

Charging documents need only show that a case has been filed in the correct court, e.g., the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 19, 2013. Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed October 27, 2017. Judgment of the Court of Appeals affirming the district court is affirmed on the issues subject to review. Judgment of the district court is affirmed.

*Keith E. Schroeder*, district attorney, *Stephen D. Maxwell*, senior assistant district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellant/cross-appellee.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, was on the briefs for appellee/cross-appellant.

The opinion of the court was delivered by

BILES, J.: Willie J. Scuderi seeks review of the decision by a panel of the Court of Appeals affirming two convictions and sentences for failure to register as required by the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. He argues the panel erred because (1) the registration requirements are ex post facto punishment for a drug offense he committed before registration was required for such offenses; (2) his sentences were imposed in violation of the Sixth and Fourteenth Amendments to the United States Constitution because they were calculated using his criminal history, which was not submitted to a jury and proved beyond a reasonable doubt; and (3) the complaint initiating one of the convictions was deficient because it failed to allege he resided in the county where the State alleged he failed to register. We affirm.

2

We hold that the panel properly rejected Scuderi's ex post facto and criminal history score claims. See *State v. Shaylor*, 306 Kan. 1049, 1051-52, 400 P.3d 177 (2017) (holding defendant failed to demonstrate retroactive imposition of registration requirements for drug offense was punishment as required to prevail on ex post facto claim); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002) (holding Sixth and Fourteenth Amendments do not require jury findings on criminal history used to calculate sentence). We also affirm the panel's outcome on the defective complaint issue, although we do so using the analysis in *State v. Sayler*, 306 Kan. ___, ___ P.3d ___ (No. 110,048, this day decided), slip op. at 6-7 (holding charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases and further holding similarly worded charging document alleged facts that if proved beyond a reasonable doubt would constitute KORA violation).

FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Scuderi was convicted of possession of methamphetamine with intent to sell, a violation of K.S.A. 65-4161. In 2010, the State charged Scuderi in two cases with failing to register under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq.

Scuderi moved to dismiss the complaints because the prosecutions violated the Ex Post Facto Clause of the United States Constitution. He argued the registration requirement, which did not exist at the time of his original offense, retroactively increased the offense's punishment. He cited the in-person reporting requirements and the fees associated with registration.

During arguments on the motions, Scuderi's counsel "conced[ed] that the courts have held generally that the duty to register . . . is not punitive and not a violation of ex post facto." But counsel contended the prior cases did not address the $20 registration

3

fee, which counsel "would consider a fine . . . ." Nor, he argued, did they consider the change from mail to in-person registration. Scuderi presented no evidence to support his arguments.

The district court denied the motions, reasoning that our appellate courts had determined the registration requirements of the Kansas Offender Registration Act are not punishment and therefore do not violate the Ex Post Facto Clause of the Constitution. The court cited *State v. Evans*, 44 Kan. App. 2d 945, 242 P.3d 220 (2010).

At a consolidated jury trial, Scuderi stipulated that in "February through April 2010, [he] was a person convicted of a crime that required [him] to register in writing to the sheriff's office in the county of his residence . . . and . . . prior to February 2010, knew of his requirement to so register." His defense was that the State did not prove he lived in Reno County, as necessary to trigger the requirement that he register there. The jury convicted on both charges.

Scuderi moved to arrest judgment in one of his cases (10CR241) because the complaint was not consistent with the relevant KORA provision. He advanced two issues regarding the complaint: (1) the alleged violation occurred after he was released from the county detention center, which was not an element of the offense; and (2) the complaint was silent on the requirement that the offender must reside or be temporarily domiciled in the county for more than 10 days. The omission, he argued, created a jurisdictional defect under *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), *overruled by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). While both case numbers are in the motion's caption, the motion itself referred only to 10CR241.

At sentencing, the court addressed Scuderi's posttrial motions on 10CR241. Scuderi's counsel said she would stand on her motion for judgment of acquittal or new

trial and that she "also ask[ed] the Court to consider [the motion to] arrest judgment and cit[ed] to the arguments contained therein and ask[ed] that the court grant that as well." The court responded, "[W]e're dealing strictly with 10 CR 241, although, if you want to adopt arguments in the other cases at this point, we can do that."

But before Scuderi's counsel could respond, the court solicited arguments from the State and immediately after that ruled, "Okay. I did hear the evidence and do find the jury as the factfinder could find the defendant guilty beyond a reasonable doubt, which they did, based on the evidence and I will overrule the motions." The record contains no further comment from Scuderi's counsel about the motion to arrest judgment.

After sentencing Scuderi in 10CR241, the district court turned to Scuderi's other case (10CR400). The district court noted "a motion for judgment of acquittal or in alternative for new trial on that also." Scuderi's counsel told the court, "Judge, again, I adopt my previous arguments with that case." The court denied "the motion for judgment of acquittal or for new trial."

The district court granted Scuderi's request for downward durational departures and sentenced him to concurrent 65-month prison terms for the KORA violations. The State appealed the sentencing departure, and Scuderi cross-appealed his convictions and sentencing.

The State argued there were no substantial and compelling reasons to support the durational departures. Scuderi claimed:  (1) the registration requirement from which the convictions arose violated the Ex Post Facto Clause; (2) his sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because they were calculated using his prior criminal history, which was not proved to a jury beyond a reasonable doubt; and (3) the district court lacked jurisdiction to enter a judgment in the

5

10CR400—not 10CR241—because the complaint failed to charge a crime. A Court of Appeals panel affirmed the judgments. *State v. Scuderi*, No. 107,114, 2013 WL 3791614, at *10 (Kan. App. 2013) (unpublished opinion).

The panel held the retroactively imposed KORA requirement was not an ex post facto law. It reasoned that because *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), established that offender registration is not "punishment," a retroactive change in the requirements does not violate the Ex Post Facto Clause. 2013 WL 3791614, at *6 (citing *State v. Evans*, 44 Kan. App. 2d 945, 242 P.3d 220 [2010]). Moreover, it reasoned, there is no ex post facto violation, "'[s]o long as the actual criminal violation for which the defendant is being charged occurred after the effective date of the statute providing punishment for the violation . . . .'" 2013 WL 3791614, at *6 (quoting *State v. Armbrust*, 274 Kan. 1089, Syl.¶ 3, 59 P.3d 1000 [2002]). The panel also asserted Scuderi's stipulation that the Act applied to him "preclude[d] any complaint . . . about the retroactive registration requirements . . ." because no relief is afforded to a party from his or her own "strategic choice at trial [that] has adverse consequences . . . ." 2013 WL 3791615, at *6.

The panel also affirmed Scuderi's sentences. It held the Sixth and Fourteenth Amendments to the United States Constitution, as interpreted by *Apprendi,* 530 U.S. 466, did not require Scuderi's criminal history used to calculate the sentences to be submitted to a jury and proved beyond a reasonable doubt. 2013 WL 3791614, at * 7 (citing *State v. Ivory*, 273 Kan. 44, 41 P.3d 871 [2002], *reaff'd by State v. Bogguess*, 293 Kan. 743, 268 P.3d 481 [2012]). And it held there were substantial and compelling reasons to support the downward durational departure. 2013 WL 3791614, at *9.

Finally, the panel rejected Scuderi's jurisdictional argument, applying the analytical framework for reviewing defective complaint issues raised for the first time on

6

appeal as set out in *Hall*. The panel characterized the claim as raised for the first time on appeal because Scuderi's appellate argument focused only on 10CR400, while his motion to arrest judgment was advanced in 10CR241. 2013 WL 3791614, at *3.

The panel concluded K.S.A. 22-4904 required the charging document to allege "(1) Scuderi was required to register with the Sheriff of Reno County, Kansas, having resided or established temporary residence in Reno County for more than 10 days. . .; and (2) Scuderi failed to register with the Sheriff of Reno County during the month of April [2010]." 2013 WL 3791614, at *4. The panel then noted that while Scuderi argued the complaint in 10CR400 failed to "allege the triggering element for registration . . . and . . . that he [lived] in Reno County," he did not brief how the omission affected his case in any of the three ways that could yield a jurisdictional defect under *Hall*. 2013 WL 3791614, at *4. But the panel emphasized it was not relying on Scuderi's trial court stipulation in its ruling. 2013 WL 3791614, at *4-5.

Ultimately, the panel held the district court had jurisdiction in 10CR400. It concluded Scuderi failed to show how the omission impaired his right to a fair trial or the preparation of his defense because he stipulated he was aware of the registration requirement, choosing to argue instead that he did not reside in Reno County. Moreover, the panel concluded the record did not indicate the conviction in 10CR400 affected a subsequent prosecution.

Scuderi petitioned for review of the panel's decision on each of the three issues he raised in his cross-appeal. The State did not seek our review on the sentencing departure issue. We granted review.

But while the matter was pending, we decided *Dunn*, which made significant changes to the law on charging document sufficiency, the effect of deficient charging

7

documents, and appellate review of deficient charging document claims. Among these, *Dunn* held charging document sufficiency does not implicate subject matter jurisdiction of state courts in criminal cases. 304 Kan. at 811-12. In supplemental briefing, Scuderi argued *Hall* must continue to apply because it was law at the time he filed his motion to arrest judgment.

Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

We will address in greater detail only the ex post facto claim and the defective complaint allegation. This court has repeatedly rejected *Apprendi* challenges to the use of criminal history scores, and we need not discuss Scuderi's further. See *Shaylor*, 306 Kan. at 1051; see also *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016).

EX POST FACTO CHALLENGE

Scuderi argues his convictions violate the Ex Post Facto Clause of the United States Constitution because when the legislature imposed registration requirements on him after he committed the registrable drug offense, it retroactively increased the punishment for that crime. This argument is foreclosed by *Shaylor*. See 306 Kan. at 1052.

In *Shaylor*, the court rejected the same ex post facto claim. The court reasoned that the defendant must establish the KORA requirements constitute "punishment" to prevail on the claim. 306 Kan. at 1052. But because "the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme[,] . . . to overcome that intent, only the 'clearest proof' concerning the effects of KORA on the class of drug or violent offenders would suffice." 306 Kan. at 1052 (citing *State v. Meredith*, 306 Kan. 906, 911-

8

12, 399 P.3d 859 [2017]). The defendant's argument that the registration requirement was "punishment" consisted entirely of "mention[ing], without further factual development, only three statutory factors: (1) informing authorities of changes in domicile; (2) in-person reporting four times each year to verify [defendant's] registration information; and (3) paying a $20 registration fee each time [defendant] reports." 306 Kan. at 1052.

In the district court, Scuderi similarly contended without factual development that the registration fees and in-person reporting requirements constitute punishment. His appellate arguments identify additional facets he believes make the requirements "punishment"— annual driver's license or identification card renewal and the offender designation on the document. But his arguments rely on the court's now-overruled decision in *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), holding lifetime registration for sex offenders was punishment, and the dissenting opinion in the decision overruling it, *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016).

Scuderi also argues registration impacts drug offenders differently than sex offenders by making reintegration into society more difficult. He relies on testimony presented to the legislature when it was considering expanding the Act to include drug offenders. But Scuderi failed to create a factual record in support of his arguments.

As we did in *Shaylor*, we conclude Scuderi failed to demonstrate KORA's punitive effects override the legislature's intent that the requirements be nonpunitive. His ex post facto claim fails because he did not demonstrate the requirements are punishment.

SUFFICIENCY OF THE CHARGING DOCUMENT

Scuderi argues the 10CR400 conviction must be reversed because the complaint did not allege facts establishing his duty to register in Reno County. But the panel held

Scuderi raised the claim for the first time on appeal and therefore applied the more burdensome of the two defective complaint tests. Although there is now only one test, we first consider from a preservation perspective the impact of the panel's ruling that Scuderi is challenging for the first time on appeal the complaint in 10CR400.

*Standard of Review/Preservation*

The panel analyzed Scuderi's sufficiency-of-the-complaint argument using the bifurcated standard of review applicable under Kansas law at the time of its decision. Under that standard, if a defendant raised a timely challenge to a charging document's sufficiency in the district court, the conviction would be reversed on appeal if the document was "'so defective that it [did] not, by any reasonable construction, charge an offense for which the defendant [was] convicted.'" *Dunn*, 304 Kan. at 806 (quoting *Hall*, 246 Kan. at 763). But when the defendant raised the claim for the first time on appeal, the claim would only "'be allowed'" if the defendant could establish the "'claimed defect . . . (a) prejudiced the defendant in the preparation of his or her defense; (b) impaired in any way defendant's ability to plead the conviction in any subsequent prosecution; or (c) limited in any way the defendant's substantial rights to a fair trial . . . .'" 304 Kan. at 806 (quoting *Hall*, 246 Kan. at 765). The panel decided the issue on the latter standard.

Scuderi argues he was entitled to have his case decided under the *Hall* paradigm, rather than application of *Dunn*. This is wrong. "[T]he general rule in Kansas is that an overruling decision is applied retroactively to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued." *State v. Waterberry*, 248 Kan. 169, 172, 804 P.2d 1000 (1991) (holding *Hall*'s new rule regarding appellate review of sufficiency-of-information claims applied to all cases pending in state courts—trial and appellate—at time of decision). See also *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013) ("The general rule . . . is that a change in the law acts

10

prospectively, applying only 'to all cases, state or federal, pending on direct review or not yet final.'").

Scuderi argues his bid to apply *Hall* is bolstered by *Hall*'s declaration that the new rule in that case would apply only prospectively to prosecutions initiated after the date of the opinion. But *Waterberry* modified that portion of *Hall* and held the rule would apply in all cases pending when *Hall* was filed. Scuderi offers no other authority for why *Dunn* should not apply. *Dunn* applies, which changes the standard of review and preservation questions.

We must now address the effect of the panel's ruling that Scuderi is challenging the 10CR400 complaint for the first time on appeal. Under *Dunn*, whether the complaint was defective is a question of law subject to de novo review. 304 Kan. at 819.

> "Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does. Charging documents only need to show that a case has been filed in the correct court . . . ; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811.

Ordinarily a party wanting to pursue an issue on appeal must have preserved that issue in the court below. 304 Kan. at 817. If not, the defendant must demonstrate an exception to the usual rule applies. 304 Kan. at 818-19. "The very purpose of such a rule is to enable the court to consider [the claim] below—to prevent error—to avoid appeal." *Grant v. United States*, 291 F.2d 746, 748 (9th Cir. 1961). See also *State v. Levy*, 292 Kan. 379, 253 P.3d 341 (2011) (noting purpose of requiring contemporaneous objection to preserve evidentiary claim for appeal is to allow trial court opportunity to rule on issue).

11

Scuderi argues he preserved his challenge to the 10CR400 complaint because "[t]he district court allowed counsel to adopt . . . in both cases" the arguments contained in his motion to arrest judgment. But this skews the facts by ignoring that he never accepted the district court's offer, despite being aware the district court believed the motion only referred to 10CR241.

Nonetheless, we hold Scuderi preserved the defective complaint issue for appellate review. Scuderi raises the same basic issue he presented to the district court. And in responding to Scuderi's cross-appeal, which clearly challenged the complaint in only 10CR400, the State seemingly accepts this by stating Scuderi "did not directly challenge the sufficiency and wording of the [complaint] . . . until he filed a Motion for Arrest of Judgment . . . ." More notably, the State did not respond to Scuderi's supplemental brief with a preservation argument. Moreover, we discern some ambiguity in the record based on the timing of the district court's offer and the manner in which it bifurcated arguments and sentencing on the posttrial motions in the two cases.

*Sufficiency of the Complaint in Case 10CR400*

Scuderi argues the complaint was insufficient because it failed to allege he had resided or been temporarily domiciled in Reno County for more than 10 days. The complaint alleged:

> "[O]n or about the 30th day of April, 2010, in said County of Reno and State of Kansas, one Willie J. Scuderi then and there being, did then and there, unlawfully, feloniously and willfully . . . intentionally fail to register in writing with the Sheriff of Reno County, Kansas for the month of April 2010, as required under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., as amended, based on his previous conviction of sale of a controlled substance in Sedgwick County."

12

These allegations are substantively identical to those challenged on the same grounds in *Sayler*. Accordingly, *Sayler* controls the outcome here. In *Sayler*, we held:

"[A] 'charging document should be regarded as sufficient . . . when it has alleged facts that would establish the defendant's commission of a crime recognized in Kansas.' [*Dunn*] 304 Kan. at 811-12. '[T]he facts alleged, rather than the legal elements regurgitated, determine whether the charge is sufficient under the statute defining the crime.' 304 Kan. at 820. Since all crimes are defined by statute, our inquiry is informed by statute. We compare '[t]he legislature's definition of the crime charged . . . to the State's factual allegations of the defendant's intention and action. If those factual allegations, proved beyond a reasonable doubt, would justify a verdict of guilty, then the charging document is statutorily sufficient.' 304 Kan. at 812.

"K.S.A. 2011 Supp. 22-4903 provides an offender who fails 'to comply with any and all provisions of [KORA], including any and all duties set forth in K.S.A. 22-4905 through K.S.A. 22-4907' is guilty, '[u]pon a third or subsequent conviction, [of] a severity level 3, person felony.' K.S.A. 2011 Supp. 22-4905(b) requires sex offenders to 'report in person four times each year to the registering law enforcement agency in the county or location of jurisdiction in which the offender resides, maintains employment or is attending a school.'

"The complaint here alleged Sayler had been convicted of a crime for which KORA compliance would be required and that Sayler failed to register with the county sheriff's office at the statutorily appointed time and the date registration was required. These facts are sufficient to constitute the crime of violating KORA's provisions. The basis for the State's allegation that Sayler breached his KORA obligations in a given county can be addressed before trial if there is a question. See, e.g., K.S.A. 22-3201(f) ('When a complaint . . . charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars.').

13

"We further note Sayler could not successfully challenge his conviction by asserting the third type of *Dunn* error and arguing the charging document failed to impart notice that the State believed he was required to register in Kingman County based on his residence there. Sayler stipulated he had a duty to register and based his defense on his subjective intent in failing to do so. As Sayler conceded at oral argument, in this particular case he could not have been prejudiced because he did not dispute his statutory duty to register in Kingman County." Slip op. at 7-8.

Similarly, Scuderi stipulated he was required to register and his defense turned on whether he resided in Reno County, just as it would have if the charging document had been more precisely worded. Moreover, in Scuderi's case, since the trials were consolidated, the complaint in 10CR241 put Scuderi's residence in issue at the trial by alleging Scuderi had "com[e] into Reno county to reside or establish temporary residency" as of February 2010.

We agree with the panel's outcome on this issue, although our reasons differ because the panel did not have the benefit of *Dunn*.

Affirmed on the issues subject to review.

\* \* \*

BEIER, J., dissenting: Consistent with my votes in *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017); and *State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017), I respectfully dissent from the majority's decision in this case on the ex post facto challenge.

"Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at 914, (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.