IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,786

STATE OF KANSAS,
*Appellee*,

v.

DJUAN R. RICHARDSON,
*Appellant.*

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 26, 2013. Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed November 9, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Heather Cessna* and *Shawn E. Minihan*, of Kansas Appellate Defender Office, and were on the briefs for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: Djuan R. Richardson appeals the district court's denial of his presentence motion to withdraw plea as well as his request to appoint new counsel. Both motions were premised on the argument that Richardson should not have been required to register as a drug offender pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, because doing so violates the Ex Post Facto Clause of the United States Constitution. Since we hold that Richardson cannot carry his burden to show "by the clearest proof" that KORA imposes punishment on drug offenders as a class separate and distinct from sex offenders as a class, we affirm the district court's decisions.

FACTUAL AND PROCEDURAL BACKGROUND

Richardson was convicted for sale of cocaine in 2003. After he was sentenced, the legislature expanded KORA to include certain drug offenders, including those convicted of sale of cocaine. L. 2007, ch. 183, sec. 1; see K.S.A. 2007 Supp. 22-4902(a)(11)(C). Following the change in the law, Richardson pled guilty to two counts of offender registration violations when he failed to register in April and May 2011. See K.S.A. 2010 Supp. 22-4904(c).

The district court conducted the initial sentencing hearing on February 21, 2012. Before sentencing could begin, however, Richardson's attorney informed the court that Richardson had filed a number of pro se motions that he had not yet seen. The court acknowledged that it had not seen the motions, so it postponed the sentencing hearing to give the parties time to address them. The court then asked Richardson: "[T]he motion is a pro se motion to withdraw the plea and to request new counsel, both; is that correct?" Richardson responded, "Yes, sir."

2

In fact, Richardson had filed a handwritten motion to withdraw plea arguing that KORA could not apply to him because drug offenders were not required to register at the time he committed the crime. Richardson further argued that his current trial counsel "should have been aware of the Law Stating that This Do Not Apply to the defendant." Richardson submitted the second motion through an inmate request form addressed to the clerk of the court. It stated:

> "Comes now the defendant Pro Se, moves that this court grant the above motion for: Manifest in justice by my appointed attorney in misinforming me of K.S.A. 21-4903. In which the Offender Registration Law does not apply to me because I was sentenced in 2005, not after the date of July 1, 2007 as stated by Kansas Law."

On March 2, 2012, the court held a hearing to consider the motions. At the beginning of the hearing, the court and defense counsel disagreed about the scope of Richardson's motions—the court believed that Richardson only requested a plea withdrawal, but defense counsel thought Richardson also requested new counsel:

> "The Court:  . . . In this particular matter, there has been no request by [defense counsel] to withdraw as counsel. The motions as filed do not constitute motions requesting replacement of counsel for ineffective assistance. Rather, they make a claim with regard to legal advice that was given as to the applicability of the statute and what, in essence, is an ex post facto issue that's being raised.
>
> "So have I correctly summarized where we are at this point?
>
> . . . .
>
> "[Defense counsel]:  Well, no, your Honor. I think that he has in effect by stating that I have misinformed him, I think he is in effect stating that I have been ineffective and he wants new counsel. I think that's the legal effect of his motion, even though he didn't use those specific words.

3

"The Court: Well, I understand what you're saying, [defense counsel]. I do not consider the Motion to Withdraw Plea as a motion to remove you for counsel for ineffectiveness because he does not raise any issues of conflict of interest, any irreconcilable conflicts, or any breakdown in communication. So, accordingly, I'm not going to consider it as anything other than a Motion to Withdraw Plea."

Defense counsel then asked to withdraw as Richardson's counsel, explaining, "[Richardson] alleged . . . that I've misinformed him . . . . He does not feel that he should have been convicted, that the offender registration law did not apply to him. And he is correct, I did not advise him of that." The district court disagreed. Citing *State v. Armbrust*, 274 Kan. 1089, Syl. ¶ 3, 59 P.3d 1000 (2002), and *State v. Cook*, 286 Kan. 766, Syl. ¶ 5, 187 P.3d 1283 (2008), the court found that Richardson's underlying legal claim lacked any merit, so

"[t]he fact that [defense counsel] did not advise Mr. Richardson specifically of that, I do not consider to be ineffective assistance of counsel. Again, he has not raised ineffective assistance of counsel issues in any of the documents that have been filed. He has not raised any conflict of interest, any irreconcilable conflicts, any breakdown in communication."

The court then denied the motion to withdraw plea and proceeded with sentencing. It ultimately granted Richardson a downward durational departure and sentenced him to serve 30 months' imprisonment.

On appeal, Richardson argued that the district court should have permitted him to withdraw his plea because his attorney did not advise him of the ex post facto issue. Richardson also claimed that he was denied conflict-free counsel for the same reason. The Court of Appeals affirmed. *State v. Richardson*, No. 107,786, 2013 WL 3867329, at *4 (Kan. App. 2013) (unpublished opinion). The Court of Appeals relied on caselaw

4

upholding the constitutionality of sex offender registration. 2013 WL 3867329, at *2-3. The court reasoned that because Richardson's ex post facto claim was meritless, his "attorney did not provide inadequate assistance by failing to tell him about a legal argument that had no merit." 2013 WL 3867329, at *3.

With respect to new counsel, the court found no inadequacy in representation or conflict of interest. 2013 WL 3867329, at *3-4. "[A] conflict might have existed if Richardson's counsel had had to argue about his own ineffectiveness. . . . But the district court properly determined that there was no ineffectiveness on that score because there was no ex post facto argument to be made that had any merit." 2013 WL 3867329, at *3. Therefore, the court held, "The district court made a proper inquiry into whether new counsel should be appointed, and there are no facts here suggesting new counsel was needed." 2013 WL 3867329, at *1.

We granted Richardson's petition for review.

ANALYSIS

Richardson continues to argue that he presented the court with two distinct arguments—(1) that he should have been able to withdraw his pleas and (2) that he was entitled to new trial counsel. Yet, Richardson acknowledges in his brief before the Court of Appeals that both requests are premised upon the same argument—that retroactively requiring him to register violates the Ex Post Facto Clause of the United States Constitution.

Richardson moved to withdraw his guilty pleas shortly before sentencing.

5

"1. A district court has discretion under K.S.A. 2016 Supp. 22-3210(d)(1) to grant a motion to withdraw a guilty or no contest plea for good cause. Accordingly, appellate courts review a district court's decision to deny a presentence motion to withdraw a plea, including the underlying conclusion that the defendant has not established good cause, for an abuse of discretion. This generally means that the district court's decision is protected if reasonable persons could differ upon the propriety of the decision, as long as the discretionary decision is made within and takes into account the applicable legal standards. Applying an abuse of discretion standard does not involve reweighing evidence or assessing witness credibility.

"2. Factors a district court should consider in determining whether a defendant has established good cause to withdraw a plea include, but are not limited to, whether (1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made." *State v. Reu-El*, 306 Kan. 460, Syl. ¶¶ 1 & 2, 394 P.3d 884 (2017).

"A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *State v. Moore*, 302 Kan. 685, 692, 357 P.3d 275 (2015). Richardson bears the burden of establishing such an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

To set aside a guilty plea because of ineffective assistance of counsel, Richardson must show that "'counsel's performance fell below the standard of reasonableness and that there is a reasonable probability that but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *State v. White*, 289 Kan. 279, 285, 211 P.3d 805 (2009) (quoting *State v. Shears*, 260 Kan. 823, 830, 925 P.2d 1136 [1996]).

6

Based on the record before us, Richardson cannot prevail on his underlying ex post facto claim. We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865, (2017).

Therefore, to establish either that his attorney or the district court was wrong about the law—the gravamen of his claims—Richardson must demonstrate that drug offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to drug offenders. We recently confronted this question in *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017). In that case, we declined to hold that KORA registration is punishment where the record is insufficiently developed for the defendant to persuasively argue that the legislature's nonpunitive intent must give way to KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders. 306 Kan. at 910; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted], '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers*' determination that the legislature

intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*, 304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at 913.

Richardson's claim suffers from the same flaw. He is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to drug offenders are punishment and subject to the limitations of the Ex Post Facto Clause. This means that Richardson cannot show his attorney provided incorrect legal advice and cannot show the district court abused its discretion by denying his motion to withdraw plea. See *Reed*, 306 Kan. at 904 (holding that the district court did not abuse its discretion by denying defendant's motion to withdraw plea, which was based on an ex post facto challenge to KORA).

Finally, we recognize that Richardson filed an inmate request styled as a motion for new counsel. Despite defense counsel's objection, the trial court declined to interpret it as anything more than a duplicative ex post facto challenge. In order to warrant new counsel, Richardson would have to show justifiable dissatisfaction with his appointed counsel, which "may be demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant." *State v. Marshall*, 303 Kan. 438, 448, 362 P.3d 587 (2015). But neglecting to give poor legal advice does not constitute justifiable dissatisfaction.

We take this opportunity, however, to remind district courts that they abuse their discretion if they become "aware of a potential conflict of interest between a defendant and his or her attorney but fail[] to conduct an inquiry." *State v. Pfannenstiel*, 302 Kan.

8

747, Syl. ¶ 5, 357 P.3d 877 (2015). Under the unique circumstances of this case, however, because Richardson cannot show by "the clearest proof" that KORA's civil intent is overridden by KORA's allegedly punitive effects on drug offenders as a class, the district court properly construed and disposed of Richardson's request.

Affirmed.

* * *

BEIER, J., dissenting: Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. 899, 399 P.3d 865 (2017); and *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017), I respectfully dissent from the majority's decision in this case.

"Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at 914 (Beier, J., dissenting).

The defendant has met any burden of proof he bore on this point, and he should be permitted to withdraw his plea for good cause shown.

ROSEN and JOHNSON, JJ., join the foregoing dissent.

9