(249 P.3d 452)

No. 102,904

DAMON VONTRESS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 25, 2011.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Steve Six,* attorney general, for appellee.

Before HILL, P.J., LEBEN and STANDRIDGE, JJ.

STANDRIDGE, J.: Damon Vontress appeals from the district court's decision to summarily deny his K.S.A. 60-1507 motion as untimely. For the reasons stated below, we affirm.

## FACTS

In August 1996, Vontress was convicted of premeditated first-degree murder, aggravated robbery, aggravated battery, and criminal possession of a firearm. The district court imposed a mandatory 40-year prison sentence for the first-degree murder conviction and consecutive prison sentences of 78 months, 41 months, and 8 months, respectively, for the remaining convictions. Vontress appealed his convictions and sentences to our Supreme Court. On appeal, the court found that Vontress' convictions for aggravated robbery and aggravated battery were multiplicitous and, as a result, reversed the aggravated battery conviction. Finding no other error, the court affirmed Vontress' remaining convictions and sentences.

See *State v. Vontress*, 266 Kan. 248, 257, 259-64, 970 P.2d 42 (1998).

On November 10, 2008, Vontress filed a K.S.A. 60-1507 motion for relief alleging that his conviction for first-degree murder must be overturned on grounds that it is constitutionally invalid. Specifically, Vontress asserted (1) Kansas case law on premeditation violates principles of equal protection and due process; and (2) the legislature's failure to define, and the Kansas Supreme Court's act of defining, the element of premeditation violates the separation of powers doctrine. The court appointed counsel to represent Vontress and subsequently held a nonevidentiary hearing to hear argument on the motion. At the hearing, the State argued Vontress' motion should be summarily denied as untimely under K.S.A. 60-1507(f)(1). The district court agreed and summarily denied Vontress' motion without addressing the merits thereof.

## ANALYSIS

On appeal, Vontress argues this case should be remanded to the district court for an evidentiary hearing on the merits of his K.S.A. 60-1507 claim for relief because failing to address the merits of his claim would be manifestly unjust.

When the district court denies relief under K.S.A. 60-1507 based solely upon its review of the files and records of the case and legal argument presented at a nonevidentiary hearing, an appellate court is in as good of a position as the district court to consider the merits of the claim. Thus, appellate review is de novo. See *Barr v. State*, 287 Kan. 190, 196, 196 P.3d 357 (2008).

K.S.A. 60-1507(f)(1) requires that a motion be brought within 1 year of the final order of the last appellate court to exercise jurisdiction over a direct appeal or the termination of such appellate jurisdiction. The 1-year time period in K.S.A. 60-1507(f)(1) did not become effective until July 1, 2003. *Hayes v. State*, 34 Kan. App. 2d 157, 158, 115 P.3d 162 (2005). In *Hayes*, this court held that a defendant whose conviction became final before the effective date of the statute could comply with the 1-year time period by filing a 60-1507 motion by June 30, 2004. 34 Kan. App. 2d at 161-62.

The 1-year time limit, however, may be extended by the district court to prevent a manifest injustice. K.S.A. 60-1507(f)(2). Although manifest injustice has not been defined in the context of K.S.A. 60-1507(f)(2), "this court has interpreted the phrase in other contexts to mean 'obviously unfair' or 'shocking to the conscience.' " *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

In this case, Vontress' convictions became final before the effective date of K.S.A. 60-1507(f)(1); thus, he had until June 30, 2004, to file a timely motion. Vontress did not file his motion until November 10, 2008, which was more than 4 years after the deadline expired. Pursuant to K.S.A. 60-1507(f)(1), then, there is no question that Vontress' motion was untimely.

Vontress does not dispute that his motion was untimely filed; instead, he argues the district court should have extended the deadline under K.S.A. 60-1507(f)(2) because failing to address the merits of his claim would be manifestly unjust. Stated another way, Vontress argues that the underlying substantive issues raised in his motion must be addressed in order to determine the preliminary procedural issue of timeliness.

Notably, a panel of our court rejected a similar argument in *Toney v. State*, 39 Kan. App. 2d 944, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008). In *Toney*, the movant filed an untimely K.S.A. 60-1507 motion asserting a claim of ineffective assistance of trial counsel. After a nonevidentiary hearing, the district court denied the motion, in part, due to its untimely filing. On appeal, the movant argued that his case should be remanded to the district court for an evidentiary hearing to address the merits of his ineffective assistance of counsel claim because failing to address the merits of his claim would be manifestly unjust.

The *Toney* court was not persuaded by the movant's argument, reasoning that if it were to accept such an argument, "we would have to remand for an evidentiary hearing every time the trial court dismisses a K.S.A. 60-1507 motion as untimely. This cannot be done as it would render the 1-year time limitation under K.S.A. 60-1507(f)(1) essentially meaningless." 39 Kan. App. 2d at 947. In affirming the decision to deny the movant's motion, the *Toney* court noted that the movant failed to allege any circumstances pre-

venting him from filing his motion before the expiration of the 1-year time period. Thus, the court concluded that the movant had failed to make a showing of manifest injustice that would allow him to proceed forward with his motion despite its untimely filing. 39 Kan. App. 2d at 947.

As in *Toney*, Vontress does not allege any circumstances preventing him from filing his motion prior to June 30, 2004. In the absence of such circumstances, there is no basis upon which to find that addressing the merits of his claim would prevent a manifest injustice. Accordingly, we find no error in the district court's decision to deny Vontress' motion as untimely without addressing the merits set forth therein.

Affirmed.

* * *

LEBEN, J., concurring: Because Damon Vontress filed his K.S.A. 60-1507 motion 4 years too late, his claim may only be heard "to prevent manifest injustice." K.S.A. 60-1507. I agree with the majority that Vontress has not made that showing, but my rationale is somewhat different.

The majority relies on *Toney v. State*, 39 Kan. App. 2d 944, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008), which found no manifest injustice when the prisoner had not shown that "circumstances prevented him from asserting his claim before the 1-year time limitation had expired." 39 Kan. App. 2d at 947. In my view, if *Toney* stands for the proposition that a prisoner *must* make that showing as a precondition to consideration of a K.S.A. 60-1507 motion filed outside the 1-year time limit, that is too narrow a definition for manifest injustice. If a person can show actual innocence, for example, I would not leave him or her in prison even if that person failed for unexplained reasons to meet the 1-year time limit.

In this case, Vontress has presented neither a reason for his delayed filing nor a potentially valid claim. In a recent, though unpublished opinion, a panel found a claim very similar to his to have no merit. See *Washington v. State*, No. 100,657, 2009 WL 3082582, at *1-5 (Kan. App. 2009), *rev. denied* 290 Kan. 1105

(2010). I therefore agree with the majority that he has not shown manifest injustice.