IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,233

EDMOND L. HAYES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

When the crime for which a defendant is being sentenced was committed after the effective date of a new statute, there is no ex post facto violation in applying the new statute to the defendant's case.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 18, 2013. Appeal from Sedgwick District Court; ANTHONY J. POWELL, judge. Opinion filed November 9, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Carol Longenecker Schmidt* and *Shawn E. Minihan*, of Kansas Appellate Defender Office, were on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Edmond L. Hayes appeals the district court's summary dismissal of his K.S.A. 60-1507 motion. Although Hayes concedes that the motion is untimely pursuant to K.S.A. 60-1507(f)(1), he argues that the court should have extended the time for him to file the motion. Discerning no manifest injustice, we affirm the denial of Hayes' motion.

FACTUAL AND PROCEDURAL BACKGROUND

In April 1998, a jury convicted Hayes of involuntary manslaughter, and the district court later sentenced Hayes to 31 months' imprisonment and 36 months' postrelease supervision. At the time he committed the crime, the Kansas Offender Registration Act (KORA) mandated that Hayes register as a violent offender for 10 years after he was "paroled, discharged or released" from prison. See K.S.A. 1997 Supp. 22-4902(d)(5); K.S.A. 1997 Supp. 22-4906(a). Thereafter, Hayes was released from prison.

Before Hayes' registration term expired, the State charged him with two counts of violating KORA, which it claimed occurred on January 29, 2007. The first count was for failing to inform the law enforcement agency of a new address within 10 days of a change, and the second was for failing to mail a verification form to the Kansas Bureau of Investigation (KBI) within 10 days of receipt. See K.S.A. 2006 Supp. 22-4904(b) and (c)(4). Hayes pled guilty to the charges, and the court sentenced him to a total controlling 41-month prison term but granted him a dispositional departure to 36 months' probation. In January 2011, the court revoked Hayes' probation and ordered him to serve a modified 38-month prison sentence.

On January 6, 2012, Hayes filed a pro se motion pursuant to K.S.A. 60-1507, raising several constitutional challenges. Among these claims, Hayes asserted that the

2

2006 amendments to KORA constituted punishment under the Ex Post Facto Clause, so they could not be retroactively applied to him. The district court then appointed counsel to represent Hayes. Counsel submitted a memorandum conceding that his client's motion was untimely but arguing that "[g]iven the nature of the Movant's conviction in the underlying criminal case and the constitutional issues raised in his current petition for relief, not to entertain his current petition for relief would result in manifest injustice." The State, on the other hand, argued that Hayes could not show "an inability to timely access the courts and/or a new issue for this court to consider." In the alternative, the State claimed that the constitutionality of KORA had been settled by this court's decision in *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996).

After the parties submitted written arguments, the district court conducted a nonevidentiary hearing. Then District Judge Anthony J. Powell ultimately agreed with the State and adopted its position that Hayes could not show manifest injustice:

> "[T]here's no showing of manifest injustice because there's no explanation for the delay. Clearly Mr. Hayes knows how to access the courts. He's done so on numerous occasions. He's out of time. It's too late. Finally, I would, I guess, make the observation that the issue at least as to the . . . relief requested and, therefore, the Court will adopt as its opinion the response of the State."

Shortly thereafter, the district court filed a journal entry summarily denying Hayes' motion, from which Hayes timely appealed. In addition to the reasons stated during the hearing, the written order touched on the merits of Hayes' claims:

> "And, in any event, the constitutionality of the KORA has been affirmed by our appellate courts. In *State v. Myers*, 260 Kan. 669, 696, 923 P.2d 1024 (1996), *cert. denied*, 521 U.S. 1118, 117 S. Ct. 2508, 138 L. Ed. 2d 1012 (1997), our Supreme Court held that the

3

Kansas Offender Registration Act (KORA) 'registration requirement does not impose punishment; thus, our ex post facto inquiry as to registration ends.'"

The Court of Appeals later affirmed the district court's decision. *Hayes v. State*, No. 108,233, 2013 WL 5735747, at *5 (Kan. App. 2013) (unpublished opinion). After reviewing the decisions in *Vontress v. State*, 45 Kan. App. 2d 430, 249 P.3d 452 (2011), *affirmed* 299 Kan. 607, 325 P.3d 1114 (2014), and *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the panel concluded that the definition of "manifest injustice" in K.S.A. 60-1507(f) includes only situations in which a movant can sufficiently explain the reason why he or she did not file a motion within the 1-year time limit or when a movant is asserting actual innocence. See *Hayes*, 2013 WL 5735747, at *4-5. The Court of Appeals ultimately held:

"[A]lthough readily acknowledging the untimely nature of his petition, Hayes offers no reason or explanation for filing his request for habeas relief 3 years after he was sentenced and 2 years after the 1-year time limitation . . . except for a general assertion that the merits must be considered in order to prevent manifest injustice. But an assertion such as this, unless it includes a claim of actual innocence, is insufficient to establish manifest injustice under K.S.A. 60-1507(f)(2). In other words, we find nothing manifestly unjust, obviously unfair, or shocking to the conscience about adhering to and enforcing the 1-year time limitation to procedurally bar the court from considering the merits of the specific claim made by Hayes in this appeal, even if only for the procedural purpose of determining manifest injustice. And even if we did consider the merits of his substantive claim for this purpose, Hayes has not satisfied his burden to establish by a preponderance of the evidence manifest injustice sufficient to extend the time limitations of K.S.A. 60-1507(f)(l). See *State v. Armbrust*, 274 Kan. 1089, Syl. ¶ 3, 59 P.3d 1000 (2002) ('So long as the actual criminal violation for which the defendant is being charged occurred after the effective date of the statute providing punishment for the violation, there is no violation of the Ex Post Facto Clause of the United States Constitution.')." 2013 WL 5735747, at *5.

4

We granted Hayes' petition for review.

ANALYSIS

Hayes contends that the district court erred by summarily dismissing his K.S.A. 60-1507 motion. When a movant files a K.S.A. 60-1507 motion, a district court may:

> "'(a) determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (b) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held after appointment of counsel. If the court then determines there is no substantial issue, the court may deny the motion; or (c) determine from the motion, files, records, or preliminary hearing that there is a substantial issue requiring an evidentiary hearing.'" *Wahl v. State*, 301 Kan. 610, 617, 344 P.3d 385 (2015) (quoting *Sola-Morales v. State*, 300 Kan. 875, Syl. ¶ 1, 335 P.3d 1162 [2014]).

Our standard of review depends upon which of these options the district court chose. When the district court reviews the motion, files, and records; holds a preliminary hearing; and summarily denies a K.S.A. 60-1507 motion—as occurred here—we are in as good a position as the district court to consider the merits. As such, review is unlimited. See *Sola-Morales*, 300 Kan. at 881.

The district court sentenced Hayes on January 12, 2009. On January 6, 2012— nearly 3 years later—Hayes filed this K.S.A. 60-1507 motion. An action under K.S.A. 60-1507 must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"; or "the denial of a petition for writ of certiorari to the United States

5

supreme court or issuance of such court's final order following granting such petition." K.S.A. 2016 Supp. 60-1507(f). Courts are permitted to extend this time limitation "only to prevent a manifest injustice." K.S.A. 60-1507(f)(2). Before July 1, 2016, the legislature had not defined what it meant by "manifest injustice."

After the Court of Appeals filed its opinion in this case, we took the opportunity to expand on the manifest injustice standard in *Vontress v. State,* 299 Kan. 607, 325 P.3d 1114 (2014). There, a movant who had been convicted of first-degree murder as well as other crimes filed a K.S.A. 60-1507 motion 10 years after this court resolved his direct appeal. In the motion, Vontress claimed that Kansas law on premeditation was unconstitutionally vague. The district court found Vontress could not justify his untimely motion, stating, "'[T]he basis of his attack is caselaw dating from 1887 and he has not provided any indication or suggestion that justifies him waiting ten years to attack Kansas law.'" 299 Kan. at 609. Without considering the merits of his claim, the Court of Appeals affirmed the district court simply because Vontress did not allege any circumstances preventing him from timely filing his motion. *Vontress*, 45 Kan. App. 2d at 432-33. Judge Leben wrote a concurring opinion, in which he argued that manifest injustice should also include situations in which a movant can show actual innocence. 45 Kan. App. 2d at 433 (Leben, J., concurring).

We granted review to clarify the manifest injustice standard. Although the parties agreed that manifest injustice means "obviously unfair" or "shocking to the conscience," they disagreed to what extent courts should look beyond the reasons for the delay. Citing *Toney v. State*, 39 Kan. App. 2d 944, 187 P.3d 122 (2008), and several Court of Appeals' cases, this court noted that the majority of lower courts had simply focused on the reason for the delay. Yet, we stated that this approach "conflicts with caselaw from this court interpreting manifest injustice in terms of both the reasons for delay and the merits of the

claim." *Vontress,* 299 Kan. at 614 (citing *Pabst v. State*, 287 Kan. 1, 26, 192 P.3d 630 [2008]). We then agreed with Judge Leben's view that manifest injustice must include situations in which a movant can show actual innocence. This court stated the standard as follows:

> "Accordingly, courts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence.
>
> "All of the factors considered under the totality of the circumstances need not be given equal weight, and no single factor is dispositive. [Citations omitted.]
>
> "So a movant's failure to address other reasons why imposition of the 1-year time limitation is a manifest injustice is not necessarily fatal to the movant's claim. But because the burden is on the movant in a 60-1507 action, failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely. [Citation omitted.]" 299 Kan. at 616-17.

During the 2016 legislative session, the Kansas Legislature amended K.S.A. 60-1507 to more precisely define what constitutes "manifest injustice." See L. 2016, ch. 58, sec. 2. The statute now provides:

> "The time limitation herein may be extended by the court only to prevent a manifest injustice.

7

"(A) For purposes of finding manifest injustice under this section, the court's inquiry *shall be limited to* determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

"(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties." (Emphasis added.) K.S.A. 2016 Supp. 60-1507(f)(2).

The plain language of the statute makes it clear that courts are limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016) ("The fundamental rule of statutory interpretation to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. Its intent is to be derived in the first place from the words used."). Even a cursory review of the legislative history reveals to us that the legislature intended to abrogate our decision in *Vontress*.

The question thus becomes whether these legislative amendments apply retroactively to Hayes. Generally, a statute operates prospectively unless its language clearly indicates a legislative intent to operate retroactively. *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). "An exception to this rule has been employed when the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties." *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016).

8

"'When an applicable statute is amended while an appeal is pending, and counsel for both sides have had an opportunity to brief and argue the amended statute, the appellate court will consider and construe the amended version of the statute.'" *State v. Corbin*, 305 Kan. 619, 624-25, 386 P.3d 513 (2016) (quoting *State ex rel. Secretary of SRS v. Bohrer*, 286 Kan. 898, 904, 189 P.3d 1157 [2008]). While the State did not file any supplemental argument addressing the retroactivity of the 2016 amendments, Hayes filed a supplemental brief with this court urging us not to apply them here. Given the limited briefing on the issue, we decline to decide this issue in this case. Rather, we find no difficulty affirming because Hayes has not shown manifest injustice under either standard.

First, the 2016 amendments to K.S.A. 60-1507 clearly preclude Hayes' challenge. Hayes does not assert actual innocence nor does he attempt to explain the reason for his delay. As previously discussed, these are the two exclusive considerations under the current version of the statute. See K.S.A. 2016 Supp. 60-1507(f)(2)(A).

And our *Vontress* standard does not permit claims of manifest injustice in circumstances where the defendant cannot prevail as a matter of law. See *Vontress*, 299 Kan. at 617. In *State v. Armbrust*, 274 Kan. 1089, 59 P.3d 1000 (2002), three defendants raised an ex post facto challenge to KORA, alleging that the 1999 amendments to KORA altering the failure to timely verify their addresses from a misdemeanor to a felony violated the Ex Post Facto Clause. The defendants violated KORA's address verification provision *after* the amendments went into effect. We rejected their claims, stating, "So long as the actual criminal violation for which the defendant is being charged occurred after the effective date of the statute providing punishment for the violation, there is no violation of the Ex Post Facto Clause of the United States Constitution." 274 Kan. 1089, Syl. ¶ 3.

We find ourselves confronted with a nearly identical situation. Hayes pled guilty to failing to inform the sheriff of his new address within 10 days of a change and neglecting to mail the verification form to the KBI within 10 days of receipt of the form. He committed these acts on January 29, 2007—*after* the effective date of the 2006 amendments. See L. 2006, ch. 214, sec. 7. In addition, the portions of KORA he violated in 2007 were part of the statutory scheme at the time he committed the underlying crime in 1997. See K.S.A. 1997 Supp. 22-4904(b)(1) and (c)(4). As a result, there can be no ex post facto violation.

We do note, however, that the district court considered the merits of Hayes' claim, finding that "in any event, the constitutionality of the KORA has been affirmed by our appellate courts." We affirm the district court's decision, albeit for a different reason. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Lastly, Hayes claims for the first time on appeal that his alleged ex post facto violation resulted in an illegal sentence under K.S.A. 22-3504. In *State v. Wood*, 306 Kan. 283, 393 P.3d 631 (2017), and *State v. Reese*, 306 Kan. 279, 393 P.3d 599 (2017), we held that the definition of an illegal sentence does not include a claim that a criminal sentence violates a constitutional provision, so a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. Hayes may not press his constitutional challenge in a motion to correct illegal sentence.

Affirmed.

JOHNSON, J., concurs in the result.

10